**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

No. 25-3066

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

SHANE BRIAN LAMOND,

*Defendant-Appellant*.

Appeal from the United States District Court for the District of Columbia,
No. 1:23-cr-00177-ABJ-1 (Hon. Amy Berman Jackson)

# APPENDIX FOR DEFENDANT-APPELLANT SHANE BRIAN LAMOND
## Volume I of V, pp. A1-A86

ANDREW E. GOLDSMITH
RENO G. VARGHESE
KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
agoldsmith@kellogghansen.com
rvarghese@kellogghansen.com

*Appointed Counsel for Defendant-Appellant Shane Brian Lamond*

May 8, 2026

## TABLE OF CONTENTS

Page

### Volume I

Docket Sheet, *United States v. Lamond*, No. 1:23-cr-00177-ABJ-1 (D.D.C.) ..... A1

Indictment (May 18, 2023), Dkt. No. 1 ..... A23

Joint Pretrial Statement (Jan. 22, 2024), Dkt. No. 41 ..... A40

Exhibit 1: Government's Exhibit List, Dkt. No. 41-1 ..... A63

Exhibit 2: Government's Proposed Verdict Form, Dkt. No. 41-2 ..... A70

Exhibit 3: Defendant's Proposed Verdict Form, Dkt. No. 41-3 ..... A72

Notice of Filing (Nov. 5, 2024), Dkt. No. 80 ..... A74

Defendant's Waiver of Trial by Jury, Dkt. No. 80-1 ..... A75

Elements of the Offenses (Dec. 9, 2024), Dkt. No. 86 ..... A76

Judgment (June 10, 2025), Dkt. No. 110 ..... A79

Notice of Appeal (June 24, 2025), Dkt. No. 112 ..... A86

### Volume II

(Transcript Volumes II-IV)

Transcript of Status Conference Held On September 24, 2024 [Redacted] ..... A87

Transcript of Jury Trial Day 1 Held On December 2, 2024 ..... A133

Transcript of Jury Trial Day 2 Held On December 3, 2024 ..... A397

### Volume III

Transcript of Jury Trial Day 3 Held On December 4, 2024 ..... A632

Transcript of Jury Trial Day 4 Held On December 5, 2024 ..... A892

## Volume IV

Transcript of Jury Trial Day 5 Held On December 6, 2024 ............................A1057

Transcript of Jury Trial Day 6 Held On December 9, 2024 ............................A1225

Transcript of Jury Trial Day 7 Held On December 10, 2024 ..........................A1242

Transcript of Verdict Held On December 23, 2024. Dkt. No. 99 ....................A1314

Transcript of Sentencing Held On June 6, 2025, Dkt. No. 122 ........................A1389

## Volume V

(Admitted Trial Exhibits)

Exhibit 1004: Lamond Phone Forensic Report_Timeline ..............................A1447

Exhibit 1006: Forensic Examination Report (Manicini) 1B2 Part One Final, dated Feb. 2, 2023 ....................................................................A1484

Exhibit 1006A: Email from Shane Lamond to Commander Parsons FW: Subject in Photo, dated Dec. 20, 2020 ..........................................A1494

Exhibit 1006B: Email from Shane Lamond to Kelly O'Meara re: BLM signs, dated Dec. 13, 2020 ..........................................................A1496

Exhibit 1006C: Email from Shane Lamond to Commander Parsons re: Podcast, dated Dec. 20, 2020 ..........................................................A1498

Exhibit 1006D: Email from Shane Lamond to Franklyn Then re: Subject in Photo, dated Dec. 20, 2020..................................................A1500

Exhibit 1014: Email from Ahsan Mufti, re: Resubmission, dated Dec. 29, 2020 ......................................................................A1503

Exhibit 3002: Metropolitan Police, District of Columbia, General Order 201.26 – Duties, Responsibilities and Conduct of Members in the Department .............................................................A1542

Exhibit 3003: Metropolitan Police, District of Columbia, General Order 201.36 – Sworn Law Enforcement Officer Code of Ethics ..................................................................................A1554

Exhibit 3005: Metropolitan Police, District of Columbia, General Order 601.02 – Preservation of Potentially Discoverable Material ........................................................................................A1557

Exhibit 4001: Article: *Proud Boys Leader Says He Burned Black Lives Matter Banner Stolen from Church During Demonstrations in D.C.*, Wash. Post (Dec. 18, 2020)............................A1560

Exhibit 4004: Parler Post by @NobleLead, dated Dec. 18, 2020 ...................A1563

Exhibit 4006: Timeline Final – Summary Chart of Communications 10.24.2019 - 1.27.2021 ....................................................................A1564

Exhibit 4018: Summary Chart 11.14.2020, 730PM – 12.20.2020 ..................A1619

Exhibit 4026: Timeline – Summary Chart Shane Lamond's Contacts ...........A1656

Exhibit 5006: Shane Lamond Interview Transcript Held On June 2, 2021 ...........................................................................................A1658

APPEAL,CAT B,CLOSED

# U.S. District Court
# District of Columbia (Washington, DC)
# CRIMINAL DOCKET FOR CASE #: 1:23−cr−00177−ABJ−1

Case title: USA v. LAMOND

Date Filed: 05/18/2023

Assigned to: Judge Amy Berman Jackson

Appeals court case number: 25−3066

**Defendant (1)**

**SHANE BRIAN LAMOND**

represented by

**Courtney Millian**
FEDERAL PUBLIC DEFENDER
625 Indiana Ave NW
Suite 550
Washington, DC 20004
202−208−7500
Email: courtney_millian@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**Mark E. Schamel**
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, DC 20001
(202) 344−4631
Fax: (202) 344−8300
Email: MESchamel@Venable.com
*TERMINATED: 06/26/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Ana L. Jara**
VENABLE LLP
600 Massachusetts Ave, NW
20001
Washington, DC 20001
202−344−4796
Fax: 202−344−8300
Email: aljara@venable.com
*TERMINATED: 06/26/2025*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Tony Lenell Axam**
FEDERAL PUBLIC DEFENDER FOR D.C.
625 Indiana Avenue, NW
Suite 550
Washington, DC 20004
(202) 208−7500
Fax: (202) 208−7515
Email: tony_axam@fd.org
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| 22 D.C. 722; FEDERAL STATUTES, OTHER; Obstruction of Justice (1) | Eighteen (18) months of incarceration on Count 1 followed by Eighteen (18) months supervised release and $100 Special Assessment. |
| 18 U.S.C. 1001(a)(2); STATEMENTS OR ENTRIES GENERALLY; False Statement (2–4) | Six (6) months of incarceration on each of Counts 2–4, to run consecutive to each other but all concurrently with the sentence on Count 1. Defendant further sentenced to Eighteen (18) months supervised release on each count, all terms to run concurrently and $100 Special Assessment as to each count for a total of $300. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

**USA** represented by

**Rebecca G. Ross**
UNITED STATES ATTORNEY'S OFFICE
United States Attorney's Office for the District of Col
610 D Street NW
Washington, DC 20530
(202) 252–6937
Email: Rebecca.Ross2@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

**Joshua Seth Rothstein**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
Criminal Division
601 D Street NW
Washington, DC 20530
202–252–7164
Email: joshua.rothstein@usdoj.gov
*TERMINATED: 01/27/2026*
*Designation: Assistant U.S. Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/18/2023 | 1 | INDICTMENT as to SHANE BRIAN LAMOND (1) count(s) 1, 2–4. (zltp) (Entered: 05/19/2023) |

| | | |
|---|---|---|
| 05/18/2023 | 3 | MOTION to Seal Case by USA as to SHANE BRIAN LAMOND. (Attachments: # 1 Text of Proposed Order)(zltp) (Entered: 05/19/2023) |
| 05/18/2023 | 4 | ORDER granting 3 Motion to Seal Case as to SHANE BRIAN LAMOND (1). Signed by Magistrate Judge Zia M. Faruqui on 5/18/2023. (zltp) (Entered: 05/19/2023) |
| 05/19/2023 | 5 | NOTICE OF ATTORNEY APPEARANCE: Mark E. Schamel appearing for SHANE BRIAN LAMOND (zltp) (Entered: 05/19/2023) |
| 05/19/2023 | | Arrest of SHANE BRIAN LAMOND. (zcll) (Entered: 05/19/2023) |
| 05/19/2023 | 6 | Arrest Warrant Returned Executed on 5/19/2023 as to SHANE BRIAN LAMOND. (zcll) (Entered: 05/19/2023) |
| 05/19/2023 | | ORAL MOTION to Unseal Case by USA as to SHANE BRIAN LAMOND. (ztl) (Entered: 05/22/2023) |
| 05/19/2023 | | ORAL MOTION for Speedy Trial by USA as to SHANE BRIAN LAMOND. (ztl) (Entered: 05/22/2023) |
| 05/19/2023 | | Minute Entry for proceedings held before Magistrate Judge Zia M. Faruqui: Return on Arrest Warrant/Initial Appearance/Arraignment as to Counts 1,2−4 held on 5/19/2023. Plea of Not Guilty entered as to all counts. Defendant Present in Courtroom. The Court advised the Government of its due process obligation under Rule 5(f). Oral Motion by the Government to Unseal Case as to SHANE BRIAN LAMOND (1); heard and granted. Government not seeking Detention. Oral Motion by the Government for Speedy Trial as to SHANE BRIAN LAMOND (1); heard and denied. Defense Object to Exclusion of Time. Status Hearing set for 6/5/2023 at 11:00 AM in Courtroom 3− In Person before Judge Amy Berman Jackson. Bond Status of Defendant: Defendant Released/Release Issued; Court Reporter: FTR−GOLD; FTR Time Frame: Ctrm 4: [3:23:36−3:43:24]; Defense Attorney: Mark Schamel; US Attorney: Joshua Rothstein; Pretrial Officer: Christine Schuck. (ztl) (Entered: 05/22/2023) |
| 05/19/2023 | | MINUTE ORDER as to SHANE BRIAN LAMOND: As required by Rule 5(f), the United States is ordered to produce all exculpatory evidence to the defendant pursuant to Brady v. Maryland and its progeny. Not doing so in a timely manner may result in sanctions, including exclusion of evidence, adverse jury instructions, dismissal of charges and contempt proceedings. Signed by Magistrate Judge Zia M. Faruqui on 5/19/2023. (ztl) (Entered: 05/22/2023) |
| 05/19/2023 | | Case unsealed as to SHANE BRIAN LAMOND. (ztl) (Entered: 05/22/2023) |
| 05/19/2023 | 7 | ORDER Setting Conditions of Release as to SHANE BRIAN LAMOND (1) Personal Recognizance. Signed by Magistrate Judge Zia M. Faruqui on 5/19/2023. (Attachment: # 1 Appearance Bond) (ztl) (Entered: 05/22/2023) |
| 05/22/2023 | 8 | MOTION for Protective Order by USA as to SHANE BRIAN LAMOND. (Rothstein, Joshua) (Entered: 05/22/2023) |
| 05/22/2023 | | MINUTE ORDER denying without prejudice 8 Motion for Protective Order as to SHANE BRIAN LAMOND (1). While the Court is prepared otherwise to approve the proposed Protective Order, it will not sign an order that provides, as in paragraphs 8 and 11, for the filing of documents under seal, without an accompanying motion for leave to file under seal as required by the Local Rules. Any protective order must be in accordance with the presumption against sealed proceedings that applies in this Circuit, and must provide that absent statutory authority, no party shall file such materials under seal without an order from the Court pursuant to Local Rule of Criminal Procedure 49(f)(6)(i). SO ORDERED. Signed by Judge Amy Berman Jackson on 5/22/23. (DMK) (Entered: 05/22/2023) |
| 05/23/2023 | 9 | Amended MOTION for Protective Order by USA as to SHANE BRIAN LAMOND. (Rothstein, Joshua) (Entered: 05/23/2023) |
| 05/24/2023 | 10 | PROTECTIVE ORDER as to SHANE BRIAN LAMOND. Signed by Judge Amy Berman Jackson on 5/24/23. (DMK) Modified to re−upload order on 5/24/2023 (ztg). (Entered: 05/24/2023) |
| 05/24/2023 | 11 | NOTICE *of Filing* by USA as to SHANE BRIAN LAMOND (Attachments: # 1 Exhibit Discovery Letter − 1, # 2 Exhibit Production Index)(Rothstein, Joshua) |

| | | |
|---|---|---|
| | | (Entered: 05/24/2023) |
| 05/25/2023 | 12 | NOTICE OF ATTORNEY APPEARANCE Rebecca G. Ross appearing for USA. (Ross, Rebecca) (Entered: 05/25/2023) |
| 05/30/2023 | 14 | Consent MOTION to Continue *Status Hearing* by SHANE BRIAN LAMOND. (Schamel, Mark) (Entered: 05/30/2023) |
| 06/01/2023 | | MINUTE ORDER as to SHANE BRIAN LAMOND. Upon consideration of Defendant's 14 Consent Motion to Continue Status Hearings, it is ORDERED that the 14 Motion is GRANTED. The Status Conference presently set for 6/5/2023 at 11:00 AM is VACATED and is RESCHEDULED for 6/16/2023 at 11:00 AM in Courtroom 3 (In Person) before Judge Amy Berman Jackson. It is further ORDERED that the Court finds it to be in the Interests of Justice that the time between 5/30/2023 and 6/16/2023 shall be excluded from the Speedy Trial Act calculation (START XT). Signed by Judge Amy Berman Jackson on 6/1/2023. (jth) (Entered: 06/01/2023) |
| 06/15/2023 | 16 | NOTICE *of Filing* by USA as to SHANE BRIAN LAMOND (Attachments: # 1 Exhibit Production Letter)(Rothstein, Joshua) (Entered: 06/15/2023) |
| 06/16/2023 | 17 | ORDER as to SHANE BRIAN LAMOND. Pursuant to the Due Process Protections Act, the Court hereby ORDERS that all government counsel who have entered their appearances in this case or who do so in the future must review their disclosure obligations under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, as set forth in Local Criminal Rule 5.1, and comply with those provisions. See Order for details. Signed by Judge Amy Berman Jackson on 6/16/2023. (lcabj1) (Entered: 06/16/2023) |
| 06/16/2023 | | Minute Entry for proceedings held before Judge Amy Berman Jackson: Status Conference as to SHANE BRIAN LAMOND held on 6/16/2023. Another Video (VTC) Status Conference is set for 7/17/2023 at 10:30 AM before Judge Amy Berman Jackson. The Court makes a finding that it is in the Interests of Justice that the time between 6/16/2023 and 7/17/2023 shall be excluded from the Speedy Trial Act calculation (START XT). Bond Status of Defendant: Defendant Remains on Personal Recognizance Bond; Court Reporter: Janice Dickman; Defense Attorney: Mark E. Schamel; US Attorneys: Joshua Seth Rothstein and Rebecca G. Ross. (jth) (Entered: 06/16/2023) |
| 06/26/2023 | 18 | NOTICE *of Filing* by USA as to SHANE BRIAN LAMOND (Attachments: # 1 Exhibit Discovery Letter 3)(Rothstein, Joshua) (Entered: 06/26/2023) |
| 07/13/2023 | 20 | NOTICE *of Filing* by USA as to SHANE BRIAN LAMOND (Attachments: # 1 Exhibit Discovery Letter 4)(Ross, Rebecca) (Entered: 07/13/2023) |
| 07/17/2023 | | Minute Entry for proceedings held before Judge Amy Berman Jackson: Status Conference as to SHANE BRIAN LAMOND held on 7/17/2023. Parties discussed establishing a Jury Trial Schedule. Pretrial Motions from the Defendant are due by 8/21/2023; Responses from the Government are due by 9/8/2023; any Replies are due by 9/15/2023. Jury Trial set for 2/13/2024 at 9:30 AM in Courtroom 25A before Judge Amy Berman Jackson. The Pretrial Conference is set for 1/31/2024 at 9:30 AM in Courtroom 25A In Person before Judge Amy Berman Jackson. The Court will separately issue a complete Trial Scheduling Order. The Court makes a finding that it is in the Interests of Justice that the time between 7/17/2023 and 2/13/2024 shall be excluded from the Speedy Trial Act calculation (START XT). Bond Status of Defendant: Defendant Remains on Personal Recognizance Bond (PR); Court Reporter: Sherry Lindsay; Defense Attorney: Mark E. Schamel; US Attorneys: Joshua Seth Rothstein and Rebecca G. Ross. (jth) (Entered: 07/17/2023) |
| 07/19/2023 | 21 | SCHEDULING ORDER as to SHANE BRIAN LAMOND. It is is ORDERED that the following schedule will apply: Any defense motion to dismiss or motion alleging a defect in the indictment, including those motions identified in Fed. R. Crim. Proc. 12(b)(3)(A) and (B); any defense motion to suppress statements or evidence; any motion for severance of charges under Rules 12(b)(3) and 14; and any motion for change of venue under Rules 12(b)(3)(A)(i) and 21 must be filed by August 21, 2023. The oppositions will be due September 8, 2023, and any reply is due September 15, 2023. The notice of any evidence the government intends to seek to introduce pursuant to Fed. R. Evid. 404(b) or prior convictions it would seek to use for impeachment under Fed. R. Evid. 609 must be filed by December 19, 2023. The oppositions are due |

| | | |
|---|---|---|
| | | on January 8, 2024, and replies are due on January 15, 2024. Motions in limine on behalf of either party must be filed by December 19, 2023. Oppositions are due January 8, 2024, and replies are due January 15, 2024. The parties must jointly file a single Joint Pretrial Statement by January 19, 2024. Electronic and paper copies of all exhibits must be delivered to chambers and to the Deputy Clerk in the format set out in the Scheduling Order by January 22, 2024. The pretrial conference will be held on January 31, 2024 at 9:30 a.m. in Courtroom 25. Trial will commence on February 13, 2024, at 9:30 a.m. in Courtroom 25. See Scheduling Order for details. Signed by Judge Amy Berman Jackson on 7/19/2023. (lcabj1) (Entered: 07/19/2023) |
| 08/04/2023 | 22 | NOTICE *of Filing* by USA as to SHANE BRIAN LAMOND (Attachments: # 1 Exhibit Discovery Letter)(Ross, Rebecca) (Entered: 08/04/2023) |
| 08/18/2023 | 23 | Consent MOTION for Extension of Time to *Pretrial Motion Deadline* by SHANE BRIAN LAMOND. (Attachments: # 1 Text of Proposed Order Proposed Order)(Schamel, Mark) (Entered: 08/18/2023) |
| 08/21/2023 | | MINUTE ORDER granting 23 Motion for Extension of Time as to SHANE BRIAN LAMOND. Any pretrial motions previously due on August 21, 2023, must be filed by September 21, 2023. The oppositions will be due October 6, 2023, and any reply is due October 13, 2023. The parties should take note that the motions due on September 21 are defense motions to dismiss or alleging a defect in the indictment, including those motions identified in Fed. R. Crim. Proc. 12(b)(3)(A) and (B); defense motions to suppress statements or evidence; any motion for severance of charges under Rules 12(b)(3) and 14; and any motion for change of venue under Rules 12(b)(3)(A)(i) and 21. Motions in limine and challenges to the admissibility of particular exhibits or sets of exhibits are due at a later time. Signed by Judge Amy Berman Jackson on 8/21/2023. (lcabj1) (Entered: 08/21/2023) |
| 10/10/2023 | 24 | NOTICE *of Filing* by USA as to SHANE BRIAN LAMOND (Attachments: # 1 Exhibit Production Letter)(Rothstein, Joshua) (Entered: 10/10/2023) |
| 11/02/2023 | 25 | NOTICE *of Filing* by USA as to SHANE BRIAN LAMOND (Attachments: # 1 Exhibit Letter)(Rothstein, Joshua) (Entered: 11/02/2023) |
| 11/21/2023 | 26 | NOTICE *of Filing* by USA as to SHANE BRIAN LAMOND (Attachments: # 1 Exhibit Production Letter No. 8)(Rothstein, Joshua) (Entered: 11/21/2023) |
| 12/19/2023 | 27 | MOTION for Leave to File *Under Seal* by USA as to SHANE BRIAN LAMOND. (Ross, Rebecca) (Entered: 12/19/2023) |
| 12/19/2023 | 28 | MOTION in Limine *to Admit a Summary Chart Pursuant to Federal Rule of Evidence 1006* by USA as to SHANE BRIAN LAMOND. (Attachments: # 1 Exhibit Summary Chart)(Rothstein, Joshua) (Entered: 12/19/2023) |
| 12/20/2023 | | MINUTE ORDER granting 27 Motion for Leave to File as to SHANE BRIAN LAMOND (1). The Clerk's Office is directed to file Exhibit D, Exhibit E, and Exhibit F under seal. SO ORDERED. Signed by Judge Amy Berman Jackson on 12/20/2023. (lcabj1) (Entered: 12/20/2023) |
| 12/20/2023 | 29 | MOTION in Limine *to Admit Certain Evidence Pursuant to Federal Rules of Evidence 807 and 801(d)(2)(E)* by USA as to SHANE BRIAN LAMOND. (Attachments: # 1 Exhibit)(Ross, Rebecca) (Entered: 12/20/2023) |
| 12/21/2023 | 31 | NOTICE of Expert Witness by USA as to SHANE BRIAN LAMOND (Ross, Rebecca) Modified text on 12/21/2023 (zltp). (Entered: 12/21/2023) |
| 01/03/2024 | 32 | NOTICE *of Filing* by USA as to SHANE BRIAN LAMOND (Attachments: # 1 Exhibit)(Ross, Rebecca) (Entered: 01/03/2024) |
| 01/08/2024 | 33 | Memorandum in Opposition by SHANE BRIAN LAMOND re 29 Motion in Limine *TO ADMIT CERTAIN EVIDENCE PURSUANT TO FEDERAL RULES OF EVIDENCE 807 AND 801(d)(2)(E)* (Schamel, Mark) (Entered: 01/08/2024) |
| 01/09/2024 | 34 | NOTICE *of Filing* by USA as to SHANE BRIAN LAMOND (Attachments: # 1 Exhibit Production Letter No. 9)(Ross, Rebecca) (Entered: 01/09/2024) |

| | | |
|---|---|---|
| 01/11/2024 | 35 | NOTICE *of Filing* by USA as to SHANE BRIAN LAMOND (Attachments: # 1 Exhibit Discovery Letter 10)(Ross, Rebecca) (Entered: 01/11/2024) |
| 01/13/2024 | 36 | NOTICE *OF INTENT TO OFFER EVIDENCE PURSUANT TO RULE 902(14) OF THE FEDERAL RULES OF EVIDENCE* by USA as to SHANE BRIAN LAMOND (Ross, Rebecca) (Entered: 01/13/2024) |
| 01/15/2024 | 37 | REPLY TO OPPOSITION to Motion by USA as to SHANE BRIAN LAMOND re 29 MOTION in Limine *to Admit Certain Evidence Pursuant to Federal Rules of Evidence 807 and 801(d)(2)(E)* (Ross, Rebecca) (Entered: 01/15/2024) |
| 01/17/2024 | 38 | NOTICE *pursuant to FRE 902(11) of intent to introduce business documents* by USA as to SHANE BRIAN LAMOND (Attachments: # 1 Exhibit)(Ross, Rebecca) (Entered: 01/17/2024) |
| 01/18/2024 | 39 | Second MOTION in Limine *TO ADMIT SUMMARY CHARTS PURSUANT TO FEDERAL RULE OF EVIDENCE 1006* by USA as to SHANE BRIAN LAMOND. (Attachments: # 1 Exhibit Government Ex. 4006, # 2 Exhibit Government Ex. 4007 − Ex. 4026, # 3 Exhibit Government Ex. 4027 − Ex. 4032)(Rothstein, Joshua) (Entered: 01/18/2024) |
| 01/19/2024 | 40 | TRIAL BRIEF by USA as to SHANE BRIAN LAMOND (Attachments: # 1 Exhibit Government's Exhibit List, # 2 Exhibit Government's Proposed Verdict Form)(Rothstein, Joshua) (Entered: 01/19/2024) |
| 01/19/2024 | | MINUTE ORDER as to SHANE BRIAN LAMOND. The parties were ordered to file a JOINT pretrial statement by January 19, 2024, and what was docketed does not include any input from the defense. It is still January 19, so this failure to comply with the Court's instructions can be remedied. However, if a revised JOINT pretrial statement that comports with the Scheduling Order 21 in every respect is not docketed by close of business on Monday, January 22, the Court will conclude that the defense is satisfied with the government's proposed statement of the case, proposed voir dire, proposed jury instructions, and proposed exhibits. SO ORDERED. Signed by Judge Amy Berman Jackson on 1/19/2024. (lcabj1) (Entered: 01/19/2024) |
| 01/22/2024 | 41 | PRETRIAL MEMORANDUM *(Joint)* by USA as to SHANE BRIAN LAMOND (Attachments: # 1 Exhibit Government's Exhibit List with Defendant's Objections, # 2 Exhibit Government's Proposed Verdict Form, # 3 Exhibit Defendant's Proposed Verdict Form)(Rothstein, Joshua) (Entered: 01/22/2024) |
| 01/24/2024 | 42 | NOTICE *of filing* by USA as to SHANE BRIAN LAMOND (Attachments: # 1 Exhibit Discovery Letter)(Ross, Rebecca) (Entered: 01/24/2024) |
| 01/24/2024 | | Minute Entry for proceedings held before Judge Amy Berman Jackson: VTC Telephone Conference as to SHANE BRIAN LAMOND (1) held on 1/24/2024. Defendant was not present. Parties discussed the posture of the case. New Exhibit List is due by close of business on 1/26/2024. Objections are due by 1/30/2024. Bond Status of Defendant: Defendant remains on Personal Recognizance Bond; U.S. Attorney: Joshua Rothstein and Rebecca Ross; Defense Attorney: Mark Schamel and Ana Jara; Court Reporter: Janice Dickman. (bb) (Entered: 01/24/2024) |
| 01/24/2024 | | MINUTE ORDER as to SHANE BRIAN LAMOND (1). In light of the government's 39 second motion in limine and as stated on the record at today's telephone conference, the 28 Motion in Limine is DENIED as moot. SO ORDERED. Signed by Judge Amy Berman Jackson on 1/24/2024. (lcabj1) (Entered: 01/24/2024) |
| 01/26/2024 | 43 | ENTERED IN ERROR.....NOTICE *of Filing Defendant's Exhibit List, Objections, and Defendant Exhibits in Response* by SHANE BRIAN LAMOND re 41 Pretrial Memorandum, (Schamel, Mark) Modified on 1/26/2024 (zltp). (Entered: 01/26/2024) |
| 01/26/2024 | | NOTICE OF ERROR as to SHANE BRIAN LAMOND regarding 43 Notice (Other). The following error(s) need correction: Incorrect document. Please refile attaching documents to a Notice of Filing. (zltp) (Entered: 01/26/2024) |
| 01/26/2024 | 44 | NOTICE *OF FILING* by SHANE BRIAN LAMOND re 41 Pretrial Memorandum, (Attachments: # 1 Exhibit)(Schamel, Mark) (Entered: 01/26/2024) |

| | | |
|---|---|---|
| 01/29/2024 | 46 | MOTION in Limine *to Exclude Defense Exhibits* by USA as to SHANE BRIAN LAMOND. (Rothstein, Joshua) (Entered: 01/29/2024) |
| 01/29/2024 | 47 | NOTICE *of Filing* by USA as to SHANE BRIAN LAMOND (Attachments: # 1 Exhibit 4003, # 2 Exhibit 4017, # 3 Exhibit 4018, # 4 Exhibit 4019, # 5 Exhibit 4020, # 6 Exhibit 4022, # 7 Exhibit 4023, # 8 Exhibit 4024)(Rothstein, Joshua) (Entered: 01/29/2024) |
| 01/29/2024 | | MINUTE ORDER as to SHANE BRIAN LAMOND. The government's 47 Notice of Filing contains revised versions of eight government exhibits. Upon review of these exhibits and the previously submitted ones, it appears that the revised versions of exhibits 4017, 4018, 4019, 4020, 4022, 4023, and 4024 provided to the Court are incorrectly numbered, that is, revised Exhibit 4017 matches the text and description of the original Exhibit 4018, and the successive exhibits also seem to be one number off. The government is ORDERED to file a notice indicating whether the Court should replace the previous exhibits with the newly identified versions as proposed in the Notice of Filing, or if the attachments to the Notice were indeed incorrect. If they were improperly labelled, the government should docket properly numbered exhibits as attachments to the notice. SO ORDERED. Signed by Judge Amy Berman Jackson on 1/29/2024. (lcabj1) (Entered: 01/29/2024) |
| 01/29/2024 | 48 | NOTICE *of Filing (Amended)* by USA as to SHANE BRIAN LAMOND (Attachments: # 1 Exhibit 4006, # 2 Exhibit 4017, # 3 Exhibit 4018, # 4 Exhibit 4019, # 5 Exhibit 4020, # 6 Exhibit 4021, # 7 Exhibit 4023, # 8 Exhibit 4024)(Rothstein, Joshua) (Entered: 01/29/2024) |
| 01/30/2024 | 49 | NOTICE *of Filing* by USA as to SHANE BRIAN LAMOND (Attachments: # 1 Exhibit 5006 (Redacted))(Rothstein, Joshua) (Entered: 01/30/2024) |
| 01/30/2024 | 50 | NOTICE OF ATTORNEY APPEARANCE: Ana Lorraine Jara appearing for SHANE BRIAN LAMOND (Jara, Ana) (Entered: 01/30/2024) |
| 01/31/2024 | 51 | NOTICE *of Intent to Withdraw Motion to Admit Certain Evidence Pursuant to Federal Rules of Evidence 807 and 801(d)(2)(E)* by USA as to SHANE BRIAN LAMOND (Ross, Rebecca) (Entered: 01/31/2024) |
| 01/31/2024 | | MINUTE ORDER as to SHANE BRIAN LAMOND. As discussed at today's pretrial conference, the defendant must file his updated witness list and a notice regarding whether he anticipates the filing of a motion that could affect the trial date, by Tuesday, February 6, 2024. Since the government has filed a notice 51 indicating that the Motion in Limine 29 is withdrawn, the government is relieved of the obligation to submit the requested supporting material by this afternoon. SO ORDERED. Signed by Judge Amy Berman Jackson on 1/31/2024. (lcabj1) (Entered: 01/31/2024) |
| 01/31/2024 | | MINUTE ORDER as to SHANE BRIAN LAMOND. The Court intends to hold a brief scheduling teleconference with the parties at noon on Thursday, February 1, 2024. The Courtroom Deputy Clerk will provide the parties with the call−in information. SO ORDERED. Signed by Judge Amy Berman Jackson on 1/31/2024. (lcabj1) (Entered: 01/31/2024) |
| 01/31/2024 | | Minute Entry for proceedings held before Judge Amy Berman Jackson: Pretrial Conference as to SHANE BRIAN LAMOND held on 1/31/2024. Oral arguments heard on Motions in Limine 29 , 39 and 46 and taken under advisement. Written Order forthcoming via Chambers. Bond Status of Defendant: Continue on PR Bond; Defense Attorneys: Mark E. Schamel and Ana L. Jara; US Attorneys: Joshua S. Rothstein and Rebecca Ross; Court Reporter: Jeff Hook; (zgf) (Entered: 02/02/2024) |
| 02/01/2024 | 52 | NOTICE *of References to Cellebrite Report* by SHANE BRIAN LAMOND re 41 Pretrial Memorandum, (Attachments: # 1 Exhibit)(Schamel, Mark) (Entered: 02/01/2024) |
| 02/01/2024 | | Minute Entry for proceedings held before Judge Amy Berman Jackson: VTC Telephone Conference as to SHANE BRIAN LAMOND held on 2/1/2024. Parties discussed the posture of the case. Bond Status of Defendant: Defendants remain on Personal Recognizance Bond; U.S. Attorney: Joshua Rothstein and Rebecca Ross; Defense Attorney: Mark Schamel and Ana Jara; Court Reporter: Sara Wick. (bb) Modified text on 2/16/2024 (bb). (Entered: 02/12/2024) |

| | | |
|---|---|---|
| 02/02/2024 | | MINUTE ORDER as to SHANE BRIAN LAMOND. The government is ORDERED to file any objections to the defendant's Notice 52 by February 7, 2024. SO ORDERED. Signed by Judge Amy Berman Jackson on 2/2/2024. (lcabj1) (Entered: 02/02/2024) |
| 02/02/2024 | 53 | MOTION to Continue by SHANE BRIAN LAMOND. (Schamel, Mark) (Entered: 02/02/2024) |
| 02/02/2024 | | MINUTE ORDER granting 53 Motion to Continue as to SHANE BRIAN LAMOND. The trial scheduled for February 13, 2024, is hereby VACATED and re−set for September 30, 2024, at 9:30 AM in Courtroom 25. The Court assures the government that it did not ignore its preferences, but that was the best date of the three on the Court's calendar, which offered the best opportunity for starting on time and completing the trial without conflicts. The Court expects the United States to coordinate the transport of the defense witness −− and his arrival on or before the trial date −− with the U.S. Marshals Service. A status conference in this matter will be set for September 24, 2024 at 9:30 AM in Courtroom 25. Rulings or dates related to other open matters in this case will be the subject of future orders. Given the consent of the defendant, the Court makes a finding that it is in the Interests of Justice that the time between February 13, 2024, and September 30, 2024 shall be excluded from the Speedy Trial Act calculation. SO ORDERED. Signed by Judge Amy Berman Jackson on 2/2/2024. (lcabj1) (Entered: 02/02/2024) |
| 02/02/2024 | 54 | NOTICE *of Objections* by USA as to SHANE BRIAN LAMOND re 52 Notice (Other) (Attachments: # 1 Exhibit)(Ross, Rebecca) (Entered: 02/02/2024) |
| 02/05/2024 | | MINUTE ORDER as to SHANE BRIAN LAMOND. On February 1, 2024, the defendant filed a Notice 52 informing the Court of the particular communications within Defendant's Exhibit ("DEX") 5, the Cellbrite Report, that he was seeking to introduce pursuant to FRE 106 in connection with GEX 4006. The defendant provided an exhibit [52−1] which included the messages, but identified the entire set as DEX 9. The government has objected to some chats but not others, but the material has not been provided in a format that would facilitate the issuance of a clear ruling. Therefore, by February 7, 2024, the defense must file a revised version of the exhibit to the notice [52−1], separating each complete exchange he is seeking to introduce (or stand−alone message, if any) and assigning it its own exhibit number, such as DEX 9A, 9B, etc. The government may then supplement its Notice of Objection 54 with a short statement identifying the chats or messages to which it does not object by exhibit number. SO ORDERED. Signed by Judge Amy Berman Jackson on 2/5/2024. (lcabj1) (Entered: 02/05/2024) |
| 02/06/2024 | 55 | NOTICE *OF FILING AMENDED WITNESS LIST* by SHANE BRIAN LAMOND (Attachments: # 1 Exhibit Amended Witness List)(Schamel, Mark) (Entered: 02/06/2024) |
| 02/07/2024 | 56 | NOTICE *OF FILING AMENDED EXHIBITS* by SHANE BRIAN LAMOND (Attachments: # 1 Exhibit 9A, # 2 Exhibit 9B, # 3 Exhibit 9C)(Schamel, Mark) (Entered: 02/07/2024) |
| 02/08/2024 | 57 | NOTICE *of Objections to Defendant's Amended Exhibits* by USA as to SHANE BRIAN LAMOND re 56 Notice (Other) (Ross, Rebecca) (Entered: 02/08/2024) |
| 03/04/2024 | 58 | ORDER as to SHANE BRIAN LAMOND granting 39 Motion in Limine and granting in part and denying in part 46 Motion in Limine. See Order for complete details. Signed by Judge Amy Berman Jackson on 3/4/2024. (lcabj1) Modified to correct order type on 3/18/2024 (zkh). (Entered: 03/04/2024) |
| 03/14/2024 | 59 | NOTICE *OF INTENT TO WITHDRAW GOVERNMENT EXHIBITS 3007, 3010 and 3012 AND SEEK ADMISSION OF GOVERNMENT EXHIBIT 3011* by USA as to SHANE BRIAN LAMOND (Rothstein, Joshua) (Entered: 03/14/2024) |
| 03/18/2024 | 60 | Proposed Jury Instructions by SHANE BRIAN LAMOND (Schamel, Mark) (Entered: 03/18/2024) |
| 06/18/2024 | 61 | Unopposed MOTION to Continue *Trial* by USA as to SHANE BRIAN LAMOND. (Rothstein, Joshua) (Entered: 06/18/2024) |

| | | |
|---|---|---|
| 06/18/2024 | | MINUTE ORDER granting 61 Motion to Continue as to SHANE BRIAN LAMOND. The trial scheduled for September 30, 2024, is hereby RE−SET for October 2, 2024, at 9:30 AM in Courtroom 25A. Defendant is ORDERED to file a notice regarding his position with respect to whether the time between September 30, 2024, and October 2, 2024 shall be excluded from the Speedy Trial Act calculation. SO ORDERED. Signed by Judge Amy Berman Jackson on 6/18/2024.(lcabj1) (Entered: 06/18/2024) |
| 06/25/2024 | 62 | NOTICE *OF WAIVER OF SPEEDY TRIAL AS TO JUNE 18, 2024 MINUTE ORDER* by SHANE BRIAN LAMOND (Schamel, Mark) (Entered: 06/25/2024) |
| 07/08/2024 | | MINUTE ORDER as to SHANE BRIAN LAMOND. Given the consent of the defendant 62 , the Court makes a finding that it is in the Interests of Justice that the time between September 30, 2024, and October 2, 2024 shall be excluded from the Speedy Trial Act calculation. SO ORDERED. Signed by Judge Amy Berman Jackson on 7/8/2024.(lcabj1) (Entered: 07/08/2024) |
| 08/26/2024 | 63 | NOTICE *of Updated Exhibits and Motion to Admit in Advance of Trial* by USA as to SHANE BRIAN LAMOND (Ross, Rebecca) (Entered: 08/26/2024) |
| 08/27/2024 | | MINUTE ORDER as to SHANE BRIAN LAMOND. The government is ORDERED to docket an updated exhibit list by Friday, August 30, 2024. SO ORDERED. Signed by Judge Amy Berman Jackson on 8/27/2024. (lcabj1) (Entered: 08/27/2024) |
| 08/28/2024 | 64 | NOTICE *of Updated Exhibit List* by USA as to SHANE BRIAN LAMOND (Attachments: # 1 Exhibit)(Ross, Rebecca) (Entered: 08/28/2024) |
| 09/13/2024 | | MINUTE ORDER. On February 2, 2024, the Court granted defendant's motion to continue the trial in order to secure the appearance of a defense witness who is currently serving a sentence. It was the government's responsibility to coordinate the transport of the defense witness and his arrival on or before the trial date with the U.S. Marshals Service. The government is ORDERED to update the Court and the defendant on the status of that effort by September 20, 2024. SO ORDERED. Signed by Judge Amy Berman Jackson on 9/13/2024. (lcabj1) (Entered: 09/13/2024) |
| 09/17/2024 | | MINUTE ORDER as to SHANE BRIAN LAMOND. The Court intends to hold a brief scheduling teleconference with the parties at 4:00 PM on Tuesday, September 17, 2024. The Courtroom Deputy Clerk will provide the parties with the call−in information. SO ORDERED. Signed by Judge Amy Berman Jackson on 9/17/2024. (zdrf) (Entered: 09/17/2024) |
| 09/17/2024 | | MINUTE ORDER granting 65 Sealed Motion for Leave to File Document Under Seal as to SHANE BRIAN LAMOND. The Clerk of the Court is directed to file [65−1] UNDER SEAL. SO ORDERED. Signed by Judge Amy Berman Jackson on 9/17/2024. (lcabj1) (Entered: 09/17/2024) |
| 09/17/2024 | | Minute Entry for Scheduling Teleconference proceedings held on 9/17/2024 before Judge Amy Berman Jackson as to SHANE BRIAN LAMOND. US Attorneys: Joshua Seth Rothstein and Rebecca G. Ross; Defense Attorneys: Mark E. Schamel and Ana L. Jara; Court Reporter: Janice Dickman. (zdrf) (Entered: 09/18/2024) |
| 09/18/2024 | | MINUTE ORDER as to SHANE BRIAN LAMOND. The Court has given further thought to the scheduling logistics of the trial in light of the comments made by the parties during yesterday's telephone conference. Given the need for the Court, the parties, and the witnesses to have some certainty in their schedules, and the need to be able to advise the jurors at the outset what the trial schedule will be, jury selection will begin as scheduled on October 2, the Court will not sit in this case on October 3 and 4, and we will resume on October 7, 2024. SO ORDERED. Signed by Judge Amy Berman Jackson on 9/18/2024. (lcabj1) (Entered: 09/18/2024) |
| 09/23/2024 | | MINUTE ORDER as to SHANE BRIAN LAMOND. On January 19, 2024, the Court ordered the parties to submit exhibit lists that comported with the instructions in the Scheduling Order that any list must reflect any objections by the opposing party and the grounds therefor. Thereafter, the government docketed a revised Pretrial Memorandum 41 with an exhibit list that included the necessary information [41−2], and it transmitted additional exhibits and information concerning exhibits to the Court after that. See Notice of Filing 47 , Notice of Amended Filing 48 , Notice of Filing 49 , Notice of Intent to Withdraw Motion to Admit Certain Evidence 51 . After the pretrial conference conducted on January 31, 2024, the Court issued a detailed ruling |

| | | |
|---|---|---|
| | | addressing the defendant's objections to government exhibits 58 . In that order, the Court order the government to inform the Court whether it was still seeking to introduce GEX 3007, 3010, 3011, and 3012, and to provide any additional support for their admission, by Monday, March 18, 2024. On March 14, 2024, the government filed a timely Notice of Intention to Withdraw Government Exhibits 3007, 3010, and 3012, and to seek admission of GEX 3012 59 . That Notice did not include the defendant's position with respect to GEX 3012. On August 26, 2024, the government filed a Notice of Updated Exhibits and Motion to Admit in Advance of Trial 63 , and the Court ordered the government to file an updated exhibit list by August 30. On August 28, 2024, an Updated Exhibit List was docketed 64 , but the list is unhelpful as it does not differentiate between exhibits previously admitted in evidence and new exhibits, and it does not indicate whether defendant objects to any of the newly listed exhibits. The government is hereby ORDERED to file an exhibit list that includes the missing information by 4:00 pm today, September 23. SO ORDERED. Signed by Judge Amy Berman Jackson on 9/23/2024. (lcabj1) (Entered: 09/23/2024) |
| 09/23/2024 | 68 | NOTICE *OF UPDATED EXHIBITS AND MOTION TO ADMIT IN ADVANCE OF TRIAL* by USA as to SHANE BRIAN LAMOND (Attachments: # 1 Exhibit Exhibit List)(Ross, Rebecca) (Entered: 09/23/2024) |
| 09/23/2024 | 69 | MOTION to Admit Exhibits in Advance of Trial by USA as to SHANE BRIAN LAMOND. (See Docket Entry 68 to view document). (znmw) (Entered: 09/24/2024) |
| 09/24/2024 | | Minute Entry for Pretrial Conference proceedings held on 9/24/2024 before Judge Amy Berman Jackson as to SHANE BRIAN LAMOND. Jury Trial set for 10/2/2024 at 9:30 AM in Courtroom 25A− In Person before Judge Amy Berman Jackson. Bond Status of Defendant: continued on PR/Bond; US Attorneys: Joshua Seth Rothstein and Rebecca G. Ross; Defense Attorneys: Mark E. Schamel and Ana L. Jara; Court Reporter: Janice Dickman. (zdrf) (Entered: 09/24/2024) |
| 09/24/2024 | 70 | TRANSCRIPT OF PROCEEDINGS in case as to SHANE BRIAN LAMOND before Judge Amy Berman Jackson held on September 17, 2024; Page Numbers: 1−15. Date of Issuance: September 24, 2024. Court Reporter: Janice Dickman, Telephone number 202−354−3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 10/15/2024. Redacted Transcript Deadline set for 10/25/2024. Release of Transcript Restriction set for 12/23/2024.(Dickman, Janice) (Entered: 09/24/2024) |
| 09/25/2024 | 71 | NOTICE *OF UPDATES TO GOVERNMENT EXHIBITS 1003, 1004, 4006, AND 4018* by USA as to SHANE BRIAN LAMOND (Attachments: # 1 Exhibit Exhibit List)(Ross, Rebecca) (Entered: 09/25/2024) |
| 09/25/2024 | 72 | NOTICE *REGARDING OBJECTIONS TO ADMIT EXHIBITS BEFORE TRIAL* by SHANE BRIAN LAMOND re 68 Notice (Other) (Schamel, Mark) (Entered: 09/25/2024) |
| 09/26/2024 | | MINUTE ORDER as to SHANE BRIAN LAMOND. Given the absence of objection by the defendant to the government's Motion 69 to Admit Exhibits or the government's updated exhibit list [68−1], all exhibits on the updated list, including Government Exhibits ("GEX") 1008B, 1008C, 3011, and 4009 will be ADMITTED. GEX 1017−1023, which correspond to Defense Exhibits 1, 2, 3, 4, 6, and 7, will also be ADMITTED. The government's previously admitted summary exhibits as revised are still admitted in evidence without objection. SO ORDERED. Signed by Judge Amy |

| | | |
|---|---|---|
| | | Berman Jackson on 9/26/2024. (lcabj1) (Entered: 09/26/2024) |
| 09/29/2024 | | MINUTE ORDER granting 73 Sealed Motion for Leave to File Document Under Seal as to SHANE BRIAN LAMOND (1). The Clerk of the Court is directed to file [73−1] UNDER SEAL. It is further ORDERED that the government respond by noon on Monday, September 30, 2024. The parties should be aware that a trial before December is not an option. SO ORDERED. Signed by Judge Amy Berman Jackson on 9/29/2024. (lcabj1) (Entered: 09/29/2024) |
| 09/29/2024 | | MINUTE ORDER as to SHANE BRIAN LAMOND. It is ORDERED that a telephonic conference will be held on Monday, September 29, 2024 at 2:00 PM. The Courtroom Deputy Clerk will transmit the dial−in information by email on Monday morning. Counsel for defendant must arrange to have counsel for the witness on the call. SO ORDERED. Signed by Judge Amy Berman Jackson on 9/29/2024. (lcabj1) (Entered: 09/29/2024) |
| 10/01/2024 | | MINUTE ORDER as to SHANE BRIAN LAMOND. It is ORDERED that the government and the defendant indicate what portions, if any, of any of the pleadings and hearing transcripts related to the Motion to Continue should remain under seal by Friday, October 4, 2024. SO ORDERED. Signed by Judge Amy Berman Jackson on 10/1/2024. (lcabj1) (Entered: 10/01/2024) |
| 10/01/2024 | 78 | RESPONSE TO ORDER OF THE COURT *IN RESPONSE TO OCTOBER 1, 2024, MINUTE ORDER* by USA as to SHANE BRIAN LAMOND (Ross, Rebecca) Modified event title on 10/2/2024 (znmw). (Entered: 10/01/2024) |
| 10/04/2024 | 79 | NOTICE *OF FILING IN RESPONSE TO OCTOBER 1, 2024 MINUTE ORDER* by SHANE BRIAN LAMOND (Schamel, Mark) (Entered: 10/04/2024) |
| 10/07/2024 | | MINUTE ORDER as to SHANE BRIAN LAMOND. Pretrial Status Conference set for 11/15/2024 at 9:30 AM in Courtroom 25A− In Person before Judge Amy Berman Jackson. The parties are advised that any waiver of trial by jury should be docketed in advance of the hearing. SO ORDERED. Signed by Judge Amy Berman Jackson on 10/7/2024. (zdrf) (Entered: 10/07/2024) |
| 11/05/2024 | 80 | NOTICE *of Filing* by USA as to SHANE BRIAN LAMOND (Attachments: # 1 Exhibit Waiver of Trial by Jury)(Rothstein, Joshua) (Entered: 11/05/2024) |
| 11/13/2024 | | MINUTE ORDER. The parties must file a status report by 3:00 PM on November 14, 2024 indicating whether there are any updates to their witness lists and any issues to be discussed at the status conference set for November 15, 2024, or whether that hearing can be vacated. SO ORDERED. Signed by Judge Amy Berman Jackson on 11/13/2024. (lcabj1) (Entered: 11/13/2024) |
| 11/14/2024 | 81 | Joint STATUS REPORT by USA as to SHANE BRIAN LAMOND (Rothstein, Joshua) (Entered: 11/14/2024) |
| 11/14/2024 | | MINUTE ORDER. In light of 81 the parties' joint status report, the pre−trial status conference scheduled for November 15, 2024 at 9:30 AM is hereby VACATED. SO ORDERED. Signed by Judge Amy Berman Jackson on 11/14/2024. (lcabj1) (Entered: 11/14/2024) |
| 11/15/2024 | | NOTICE OF ERROR as to SHANE BRIAN LAMOND regarding 81 Status Report. The following error(s) need correction: Missing aattorney signature−Please refile. (znmw) (Entered: 11/15/2024) |
| 11/15/2024 | 83 | Joint STATUS REPORT by USA as to SHANE BRIAN LAMOND (Rothstein, Joshua) (Entered: 11/15/2024) |
| 11/20/2024 | | Set/Reset Hearings as to SHANE BRIAN LAMOND: Bench Trial set for 12/2/2024 at 9:30 AM in Courtroom 25A− In Person before Judge Amy Berman Jackson. (drf) (Entered: 11/20/2024) |
| 12/01/2024 | 85 | NOTICE *of Filing* by USA as to SHANE BRIAN LAMOND (Attachments: # 1 Exhibit Demonstratives for Government's Opening Statement)(Rothstein, Joshua) (Entered: 12/01/2024) |

| | | |
|---|---|---|
| 12/01/2024 | | MINUTE ORDER. The parties should keep in mind that this is a bench trial, and the Court is anticipating very brief, summary opening statements that simply outline what the parties expect the evidence will show. It may not be necessary in opening to show the Court the key text messages immediately before presenting them to the Court again in the government's case in chief. SO ORDERED. Signed by Judge Amy Berman Jackson on 12/1/2024. (lcabj1) (Entered: 12/01/2024) |
| 12/02/2024 | | Minute Entry for Bench Trial proceedings held on 12/2/2024 before Judge Amy Berman Jackson as to SHANE BRIAN LAMOND. Bench Trial began and continued to 12/3/2024 at 9:30 AM in Courtroom 25A− In Person before Judge Amy Berman Jackson. Bond Status of Defendant: continued on PR/Bond; US Attorneys: Joshua Seth Rothstein and Rebecca G. Ross; Defense Attorneys: Mark E. Schamel and Ana L. Jara; Government Witnesses: Ashan Mufti, Gary Ciapa, Jennifer Kathryn Cain and Elizabeth Hadley; Court Reporter: Janice Dickman. (zdrf) (Entered: 12/02/2024) |
| 12/03/2024 | | Minute Entry for Bench Trial proceedings resumed and held on 12/3/2024 before Judge Amy Berman Jackson as to SHANE BRIAN LAMOND. Bench Trial continued to 12/4/2024 at 9:30 AM in Courtroom 25A− In Person before Judge Amy Berman Jackson. Bond Status of Defendant: continued on PR/Bond; US Attorneys: Joshua Seth Rothstein and Rebecca G. Ross; Defense Attorneys: Mark E. Schamel and Ana L. Jara; Government Witnesses: Elizabeth Hadley, Nicholas Quested and John Haines; Court Reporter: Janice Dickman. (zdrf) (Entered: 12/03/2024) |
| 12/04/2024 | | Minute Entry for Bench Trial proceedings resumed and held on 12/4/2024 before Judge Amy Berman Jackson as to SHANE BRIAN LAMOND. Government rests case−in−chief. Defendant's oral motion for a Rule 29 Motion (Judgment of Acquittal) is RESERVED. Bench Trial continued to 12/5/2024 at 10:30 AM in Courtroom 25A− In Person before Judge Amy Berman Jackson. Bond Status of Defendant: continued on PR/Bond; US Attorneys: Joshua Seth Rothstein and Rebecca G. Ross; Defense Attorneys: Mark E. Schamel and Ana L. Jara; Government Witnesses: Jeffrey Carroll, Sean Ricardi, Franklyn Then and Nicole Copeland; Court Reporter: Janice Dickman. (zdrf) (Entered: 12/04/2024) |
| 12/05/2024 | | Minute Entry for Bench Trial proceedings resumed and held on 12/5/2024 before Judge Amy Berman Jackson as to SHANE BRIAN LAMOND. Bench Trial continued to 12/6/2024 at 1:00 PM in Courtroom 25A− In Person before Judge Amy Berman Jackson. Bond Status of Defendant: continued on PR/Bond; US Attorneys: Joshua Seth Rothstein and Rebecca G. Ross; Defense Attorneys: Mark E. Schamel and Ana L. Jara; Defense Witness: Enrique Tarrio; Court Reporter: Janice Dickman. (zdrf) (Entered: 12/05/2024) |
| 12/06/2024 | | Minute Entry for Bench Trial proceedings resumed and held on 12/6/2024 before Judge Amy Berman Jackson as to SHANE BRIAN LAMOND. Bench Trial continued to 12/9/2024 at 9:30 AM in Courtroom 25A− In Person before Judge Amy Berman Jackson. Bond Status of Defendant: continued on PR/Bond; US Attorneys: Joshua Seth Rothstein and Rebecca G. Ross; Defense Attorneys: Mark E. Schamel and Ana L. Jara; Defense Witness: Shane Brian Lamond; Court Reporter: Janice Dickman. (zdrf) (Entered: 12/06/2024) |
| 12/09/2024 | | Minute Entry for Bench Trial proceedings resumed and held on 12/9/2024 before Judge Amy Berman Jackson as to SHANE BRIAN LAMOND. Defense presents case and rests. Government presents rebuttal witness. Defendant's oral motion for Rule 29 Motion is RESERVED. Bench Trial continued to 12/10/2024 at 9:30 AM in Courtroom 25A− In Person before Judge Amy Berman Jackson. Bond Status of Defendant: continued on PR/Bond; US Attorneys: Joshua Seth Rothstein and Rebecca G. Ross; Defense Attorneys: Mark E. Schamel and Ana L. Jara; Defense Witness: Shane Brian Lamond; Government Witness: Elizabeth Hadley; Court Reporter: Janice Dickman. (zdrf) (Entered: 12/09/2024) |
| 12/09/2024 | 86 | MINUTE ORDER. The Court's deliberations will be in accordance with the attached jury instructions. See document for more details. SO ORDERED. Signed by Judge Amy Berman Jackson on 12/9/2024. (lcbaj1) (Entered: 12/09/2024) |
| 12/10/2024 | 87 | TRANSCRIPT OF PROCEEDINGS in case as to SHANE BRIAN LAMOND before Judge Amy Berman Jackson held on December 5, 2024; Page Numbers: 1−179. Date of Issuance:December 10, 2024. Court Reporter: Janice Dickman, Telephone number: 202−354−3267, Transcripts may be ordered by submitting the Transcript Order Form |

| | | |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 12/31/2024. Redacted Transcript Deadline set for 1/10/2025. Release of Transcript Restriction set for 3/10/2025.(Dickman, Janice) (Entered: 12/10/2024) |
| 12/10/2024 | 88 | TRANSCRIPT OF PROCEEDINGS in case as to SHANE BRIAN LAMOND before Judge Amy Berman Jackson held on December 6, 2024; Page Numbers: 1−182. Date of Issuance:December 10, 2024. Court Reporter: Janice Dickman, Telephone number: 202−354−3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 12/31/2024. Redacted Transcript Deadline set for 1/10/2025. Release of Transcript Restriction set for 3/10/2025.(Dickman, Janice) (Entered: 12/10/2024) |
| 12/10/2024 | 89 | TRANSCRIPT OF PROCEEDINGS in case as to SHANE BRIAN LAMOND before Judge Amy Berman Jackson held on December 9, 2024; Page Numbers: 1−21. Date of Issuance:December 10, 2024. Court Reporter: Janice Dickman, Telephone number: 202−354−3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 12/31/2024. Redacted Transcript Deadline set for 1/10/2025. Release of Transcript Restriction set for 3/10/2025.(Dickman, Janice) (Entered: 12/10/2024) |
| 12/10/2024 | | Minute Entry for Bench Trial proceedings resumed and held on 12/10/2024 before Judge Amy Berman Jackson as to SHANE BRIAN LAMOND on Counts 1 − 4. Closing arguments heard. Case taken under advisement. Bond Status of Defendant: continued on PR/Bond; US Attorneys: Joshua Seth Rothstein and Rebecca G. Ross; Defense Attorneys: Mark E. Schamel and Ana L. Jara; Court Reporter: Janice Dickman. (zdrf) (Entered: 12/10/2024) |

| | | |
|---|---|---|
| 12/10/2024 | 90 | MOTION for Acquittal by SHANE BRIAN LAMOND. (Schamel, Mark) (Entered: 12/10/2024) |
| 12/10/2024 | 92 | GOVERNMENT EXHIBIT LIST as to SHANE BRIAN LAMOND. (zdrf) (Entered: 12/11/2024) |
| 12/10/2024 | 93 | DEFENSE EXHIBIT LIST as to SHANE BRIAN LAMOND. (zdrf) (Entered: 12/11/2024) |
| 12/11/2024 | 91 | Memorandum in Opposition by USA as to SHANE BRIAN LAMOND re 90 MOTION for Acquittal (Rothstein, Joshua) (Entered: 12/11/2024) |
| 12/12/2024 | | MINUTE ORDER. During the trial, there was evidence and testimony concerning a flyer or flyers related to the banner burning that the defendant may have showed Enrique Tarrio during their meeting at the Dubliner on December 15, 2020. See, e.g., Govt. Ex. 4018 at 10 (message from Jeffrey Carroll to Shane Lamond on December 15, 2020 at 6:04 PM, "... Can he ID those people in the flyers?") and Lamond's response at 6:05 PM; see also Govt. Ex. 1018 (two messages embedded in the December 13, 2020, 16:15:39 email from Kristen Metzger (MPD) to multiple MPD recipients including defendant saying, "we've had a few inquiries about this (see attached)"). This subject was mentioned in closing argument as well. The parties are directed to inform the Court if the flyer referred to can be found in the record of this case as an attachment to any email or an exhibit that was admitted but not shown during trial, or any public source. SO ORDERED. Signed by Judge Amy Berman Jackson on 12/12/2024. (lcabj1) (Entered: 12/12/2024) |
| 12/12/2024 | 94 | RESPONSE TO ORDER OF THE COURT by USA as to SHANE BRIAN LAMOND re Order,,,, (Rothstein, Joshua) (Entered: 12/12/2024) |
| 12/12/2024 | 95 | RESPONSE TO ORDER OF THE COURT *IN RESPONSE DECEMBER 12, 2024 MINUTE ORDER* by SHANE BRIAN LAMOND re Order,,,, (Schamel, Mark) Modified event title on 12/13/2024 (znmw). (Entered: 12/12/2024) |
| 12/12/2024 | 96 | AMENDED RESPONSE TO ORDER OF THE COURT by USA as to SHANE BRIAN LAMOND re Order,,,, *(Amended Response)* (Rothstein, Joshua) Modified event title on 12/13/2024 (znmw). (Entered: 12/12/2024) |
| 12/18/2024 | | MINUTE ORDER. During the trial, two witnesses were shown an exhibit that included a message from Enrique Tarrio on December 15, 2020 at approximately 7:10 PM to the "Skull and Bones" group which contained a reference to an admission to an MPD officer. The government is directed to supply the exhibit number for this message or any updated version of a summary exhibit that includes a copy of this message. SO ORDERED. Signed by Judge Amy Berman Jackson on 12/18/2024. (lcabj1) (Entered: 12/18/2024) |
| 12/18/2024 | 97 | RESPONSE TO ORDER OF THE COURT *GOVERNMENT'S RESPONSE TO DECEMBER 18, 2024, MINUTE ORDER* by USA as to SHANE BRIAN LAMOND (Attachments: # 1 Exhibit A)(Ross, Rebecca) Modified event title on 12/19/2024 (znmw). (Entered: 12/18/2024) |
| 12/18/2024 | | MINUTE ORDER. It is hereby ORDERED that a hearing at which the Court will rule on the defendant's pending motion and deliver its verdict will be held on December 23, 2024 at 9:30 AM in Courtroom 25. SO ORDERED. Signed by Judge Amy Berman Jackson on 12/18/2024. (lcabj1) (Entered: 12/18/2024) |
| 12/18/2024 | | Set/Reset Hearings as to SHANE BRIAN LAMOND: Court Verdict set for 12/23/2024 at 9:30 AM in Courtroom 25A− In Person before Judge Amy Berman Jackson. (zdrf) (Entered: 12/18/2024) |
| 12/23/2024 | | Minute Entry for Bench Trial proceedings resumed and concluded on 12/23/2024 before Judge Amy Berman Jackson as to SHANE BRIAN LAMOND on Counts 1 − 4. For the reasons stated on the record in open court oral ruling denying 90 Motion for Acquittal as to SHANE BRIAN LAMOND. COURT VERDICT of GUILTY on Counts 1 − 4. REFERRAL TO PROBATION OFFICE for Presentence Investigation. Sentencing Memorandum due by 3/21/2025, Sentencing set for 4/3/2025 at 9:30 AM in Courtroom 25A− In Person before Judge Amy Berman Jackson. Bond Status of Defendant: continued on PR/Bond; US Attorneys: Joshua Seth Rothstein and Rebecca G. Ross; Defense Attorneys: Mark E. Schamel and Ana L. Jara; Court Reporter: Janice |

| | | |
|---|---|---|
| | | Dickman. (zdrf) (Entered: 12/23/2024) |
| 02/20/2025 | 98 | MOTION to Continue *Sentencing* by SHANE BRIAN LAMOND. (Attachments: # 1 Text of Proposed Order)(Schamel, Mark) (Entered: 02/20/2025) |
| 02/24/2025 | | MINUTE ORDER granting 98 defendant's motion to continue. Given the need for the parties to have the benefit of the Presentence Report before drafting their sentencing memoranda, and the Court's need to receive the memoranda with sufficient time to review and consider them, it is hereby ORDERED that the Probation Office may have the additional three weeks it requires to complete the draft Presentence Report. The sentencing hearing scheduled for April 3, 2025 is hereby VACATED and reset for April 25 at 9:30 A.M. in Courtroom 25. Sentencing memoranda must be filed by noon on April 11, 2025. SO ORDERED. Signed by Judge Amy Berman Jackson on 2/24/2025. (lcabj1) (Entered: 02/24/2025) |
| 03/04/2025 | 99 | TRANSCRIPT OF PROCEEDINGS in case as to SHANE BRIAN LAMOND before Judge Amy Berman Jackson held on December 23, 2024; Page Numbers: 1−75. Date of Issuance: March 4, 2025. Court Reporter: Janice Dickman, Telephone number: 202−354−3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 3/25/2025. Redacted Transcript Deadline set for 4/4/2025. Release of Transcript Restriction set for 6/2/2025.(Dickman, Janice) (Entered: 03/04/2025) |
| 04/10/2025 | 104 | Consent MOTION to Continue *Deadline for Parties Sentencing Memorandum* by SHANE BRIAN LAMOND. (Attachments: # 1 Text of Proposed Order)(Schamel, Mark) (Entered: 04/10/2025) |
| 04/11/2025 | | MINUTE ORDER granting 104 defendant's consent motion to move deadline for sentencing memorandum. Defendant's sentencing memorandum is due on April 14, 2025. SO ORDERED. Signed by Judge Amy Berman Jackson on 4/11/2025. (lcabj1) (Entered: 04/11/2025) |
| 04/11/2025 | 105 | SENTENCING MEMORANDUM by USA as to SHANE BRIAN LAMOND (Ross, Rebecca) (Main Document 105 replaced on 4/11/2025) (zstd). (Entered: 04/11/2025) |
| 04/13/2025 | 106 | Consent MOTION to Continue *DEADLINE TO FILE SENTENCING MEMORANDUM* by SHANE BRIAN LAMOND. (Attachments: # 1 Text of Proposed Order)(Jara, Ana) (Entered: 04/13/2025) |
| 04/14/2025 | | MINUTE ORDER granting 106 defendant's motion to continue. Defendant's sentencing memorandum is due on April 21, 2025. After the materials are received, the Court will determine if it is necessary to postpone the sentencing. SO ORDERED. Signed by Judge Amy Berman Jackson on 4/14/2025. (lcabj1) (Entered: 04/14/2025) |
| 04/21/2025 | 107 | SENTENCING MEMORANDUM by SHANE BRIAN LAMOND (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Schamel, Mark) (Entered: 04/21/2025) |
| 04/22/2025 | | MINUTE ORDER as to SHANE BRIAN LAMOND. The government must file a memorandum of points and authorities addressing whether D.C. Code § 22−722 calls for a mandatory minimum sentence or merely a "statutory minimum," and explaining what a statutory minimum sentence is for purposes of sentencing under D.C. law, by April 23, 2025. SO ORDERED. Signed by Judge Amy Berman Jackson on 4/22/2025. (lcabj1) (Entered: 04/22/2025) |

| | | |
|---|---|---|
| 04/22/2025 | | MINUTE ORDER as to SHANE BRIAN LAMOND. On April 14, 2025, when the Court granted defendant's second motion to extend the deadline to submit his sentencing memorandum for good cause, it stated, "[a]fter the materials are received, the Court will determine whether it is necessary to postpone the sentencing." Upon the review of the defendant's sentencing memorandum filed at 11:49 p.m. last night, which includes not only objections to the verdicts on every count, but also objections to legal issues such as U.S.S.G. sentencing enhancements that were not submitted to the Probation Office on a timely basis, the Court finds it necessary to postpone the sentencing to May 13, 2025 at 9:30 a.m. The sentencing hearing scheduled for April 25 is hereby VACATED and RESET for May 13, 2025 at 9:30 a.m. in Courtroom 25. SO ORDERED. Signed by Judge Amy Berman Jackson on 4/22/2025. (lcabj1) (Entered: 04/22/2025) |
| 04/23/2025 | 108 | NOTICE *of Points and Authorities* by USA as to SHANE BRIAN LAMOND (Ross, Rebecca) (Entered: 04/23/2025) |
| 04/24/2025 | | MINUTE ORDER as to SHANE BRIAN LAMOND. The Sentencing hearing scheduled for May 13, 2025 is hereby VACATED and RESET for June 6, 2025 at 9:30 AM in Courtroom 25A− In Person before Judge Amy Berman Jackson. SO ORDERED. Signed by Judge Amy Berman Jackson on 4/24/2025. (zdrf) (Entered: 04/24/2025) |
| 05/22/2025 | | MINUTE ORDER as to SHANE BRIAN LAMOND. If the defendant intends to update the medical information submitted in connection with his sentencing memorandum, which would be helpful since the memorandum was filed prior to the appointment at which treatment options were to be considered, any submission is due by June 3, 2025. SO ORDERED. Signed by Judge Amy Berman Jackson on 5/22/2025. (lcabj1) (Entered: 05/22/2025) |
| 06/03/2025 | 109 | SUPPLEMENTAL SENTENCING MEMORANDUM by SHANE BRIAN LAMOND (Attachments: # 1 Exhibit A)(Schamel, Mark) Modified event title on 6/4/2025 (znmw). (Entered: 06/03/2025) |
| 06/06/2025 | | Minute Entry for Sentencing proceedings held on 6/6/2025 before Judge Amy Berman Jackson as to SHANE BRIAN LAMOND on Counts 1 − 4. Defendant sentenced to Eighteen (18) months of incarceration on Count 1 and Six (6) months on each of Counts 2 − 4, to run consecutive to each other but all concurrently with the sentence on Count 1. Defendant is further sentenced to Eighteen (18) months supervised release on each count to be served concurrently and $100 Special Assessment as to each count (for a total of $400). Defendant allowed to voluntary surrender. Bond Status of Defendant: continued on PR/Bond; US Attorneys: Joshua Seth Rothstein and Rebecca G. Ross; Defense Attorneys: Mark E. Schamel and Ana L. Jara; Prob Officer: Sherry Baker; Court Reporter: Janice Dickman. (zdrf) (Entered: 06/06/2025) |
| 06/10/2025 | 110 | JUDGMENT as to SHANE BRIAN LAMOND. Statement of Reasons Not Included. Signed by Judge Amy Berman Jackson on 6/10/2025. (zstd) (Entered: 06/10/2025) |
| 06/10/2025 | 111 | STATEMENT OF REASONS as to SHANE BRIAN LAMOND re 110 Judgment Access to the PDF Document is restricted per Judicial Conference Policy. Access is limited to Counsel of Record and the Court. Signed by Judge Amy Berman Jackson on 6/10/2025. (zstd) (Entered: 06/10/2025) |
| 06/24/2025 | 112 | NOTICE OF APPEAL − Final Judgment by SHANE BRIAN LAMOND re 110 Judgment. Fee Status: No Fee Paid. Parties have been notified. (Schamel, Mark) (Entered: 06/24/2025) |
| 06/24/2025 | 113 | MOTION For Leave to Proceed In Forma Pauperis by SHANE BRIAN LAMOND. (Attachments: # 1 Exhibit Attachment − In Forma Pauperis, # 2 Text of Proposed Order)(Schamel, Mark) (Entered: 06/24/2025) |
| 06/24/2025 | 114 | MOTION to Withdraw as Attorney by Mark E. Schamel. by SHANE BRIAN LAMOND. (Attachments: # 1 Text of Proposed Order)(Schamel, Mark) (Entered: 06/24/2025) |
| 06/24/2025 | 115 | MOTION to Withdraw as Attorney by Ana L. Jara. by SHANE BRIAN LAMOND. (Attachments: # 1 Text of Proposed Order)(Jara, Ana) (Entered: 06/24/2025) |

| | | |
|---|---|---|
| 06/25/2025 | 116 | Transmission of the Notice of Appeal, Order Appealed, and Docket Sheet to US Court of Appeals. A motion to proceed In Forma Pauperis has been filed and another notice will be transmitted when the motion has been decided as to SHANE BRIAN LAMOND re 112 Notice of Appeal – Final Judgment. (znmw) (Entered: 06/25/2025) |
| 06/26/2025 | | MINUTE ORDER granting 113 defendant's motion for leave to proceed in forma pauperis, 114 the motion to withdraw as counsel by Mark Schamel, and 115 the motion to withdraw as counsel by Ana Jara. SO ORDERED. Signed by Judge Amy Berman Jackson on 6/26/2025. (lcabj1) (Entered: 06/26/2025) |
| 06/27/2025 | 117 | Transmitted Supplemental Record on Appeal to USCA as to SHANE BRIAN LAMOND re 113 MOTION For Leave to Proceed In Forma Pauperis. (zstd) (Entered: 06/27/2025) |
| 06/27/2025 | | USCA Case Number as to SHANE BRIAN LAMOND 25–3066 for 112 Notice of Appeal – Final Judgment filed by SHANE BRIAN LAMOND. (zmcg) (Entered: 06/30/2025) |
| 07/31/2025 | 118 | NOTICE OF ATTORNEY APPEARANCE: Courtney Millian appearing for SHANE BRIAN LAMOND (Millian, Courtney) (Entered: 07/31/2025) |
| 07/31/2025 | 119 | ENTERED IN ERROR.....MOTION to Clarify *Judgment and Delay Report Date* by SHANE BRIAN LAMOND. (Millian, Courtney) Modified to enter in error at request of the filer on 8/1/2025 (zmcg). (Entered: 07/31/2025) |
| 08/01/2025 | 120 | MOTION to Clarify *Judgment and Delay BOP Report Date* by SHANE BRIAN LAMOND. (Millian, Courtney) (Entered: 08/01/2025) |
| 08/01/2025 | 121 | ORDER granting 120 defendant's motion to clarify judgment and delay Bureau of Prisons report date. See Order for details. Signed by Judge Amy Berman Jackson on 8/1/2025. (lcabj1) (Entered: 08/01/2025) |
| 08/05/2025 | 122 | TRANSCRIPT OF PROCEEDINGS in case as to SHANE BRIAN LAMOND before Judge Amy Berman Jackson held on June 6, 2025; Page Numbers: 1–58. Date of Issuance:August 5, 2025. Court Reporter: Janice Dickman, Telephone number: 202–354–3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 8/26/2025. Redacted Transcript Deadline set for 9/5/2025. Release of Transcript Restriction set for 11/3/2025.(Dickman, Janice) (Entered: 08/05/2025) |
| 09/30/2025 | 123 | Emergency MOTION to Delay Bureau of Prisons Report Date by SHANE BRIAN LAMOND. (Attachments: # 1 Text of Proposed Order)(Axam, Tony) Modified text on 10/1/2025 (zstd). (Entered: 09/30/2025) |
| 09/30/2025 | 125 | NOTICE OF ATTORNEY APPEARANCE: Tony Lenell Axam appearing for SHANE BRIAN LAMOND (Axam, Tony) (Entered: 09/30/2025) |
| 09/30/2025 | | MINUTE ORDER as to SHANE BRIAN LAMOND (1) denying 123 defendant's emergency motion to delay Bureau of Prisons report date. The Court rendered a guilty verdict in this case on December 23, 2024, and sentencing was set for April 3, 2025. On February 20, 2025, defendant moved to continue the sentencing 98 because the Presentence Report had not yet been completed, and it was re–set for April 25. In his sentencing memorandum 107 , defendant informed the Court about the longstanding medical condition that is the basis for the current motion, and he advised the Court that he would be seeing a doctor two days before the sentencing, on April 23, to review |

| | | |
|---|---|---|
| | | treatment options, which would likely involve surgery. There were also a number of legal issues raised concerning the U.S. Sentencing Guidelines, and the sentencing was deferred until May and then June. On May 22, 2025, the Court ordered, "[i]f the defendant intends to update the medical information submitted in connection with his sentencing memorandum, which would be helpful since the memorandum was filed prior to the appointment at which treatment options were to be considered, any submission is due by June 3, 2025." The defendant submitted supplemental material 109 on June 3, indicating that he had undergone a successful non−surgical procedure, and that follow−up treatment could include various forms of injections that could be repeated up to three times a year. He added: "[s]hould the injections become ineffective, Mr. Lamond may become a candidate for spinal fusion surgery to alter the anatomical cause of his lower back pain and hopefully prevent recurrence of symptoms. Mr. Lamond does not currently have the date for his facet joint steroid injection but expects to be contacted for scheduling soon." On June 6, 2025, the Court sentenced the defendant to eighteen months of incarceration on Count 1 and six months on each of Counts 2 − 4, to run consecutive to each other but all concurrently with the sentence on Count 1. The Court permitted the defendant to voluntarily surrender, and given his request to get his affairs in order, it gave him further dispensation and provided that the reporting date would not be earlier than August 1, 2025. The delay was also supposed to give the defendant the opportunity to obtain treatment. It is now September 30, 2025, more than nine months after the verdict in this case, and defendant has not yet reported to serve his sentence. First, on August 1, as the reporting date approached, defendant filed a motion to delay the date 120 so that he could address an inappropriate enhancement of his Bureau of Prisons designation. The Court granted that motion, making findings that would aid the defendant in resolving his disagreement with BOP 121 . Today, the defendant filed what he designated as an "emergency" motion to again delay his reporting date which is supposed to be tomorrow until after February 1, 2026. He announces, "[d]octors have informed Mr. Lamond that his condition will require surgery and the earliest availability for such is in 8−12 weeks. See Sealed Attachment A. Additionally, he will require recovery for 3−4 weeks." The motion suggests that defendant has known about the reporting date for some time before today, see 123 at 1 ("This Court granted [the previous motion] and the BOP has since properly reclassified Mr. Lamond's offense and directed him to report to the camp at FCI Cumberland on October 1, 2025."), but it did not specify how long defendant has known. So when did this become an emergency? The attachments include a record of a telehealth appointment conducted just a week ago, on September 23, which describes surgery as an "option," indicates that the defendant expressed an interest in repeating a less invasive procedure, and says nothing about how long it would take to get an appointment if he chose surgery or how exigent the need for surgery might be. There is also a report of a visit with an M.D. today, the day before the reporting date. It is not a typical medical record, but it is entitled "Verification of Treatment." In it, the doctor does not indicate that he has been treating the defendant prior to today, but he states that defendant "received medical care on 9/30/25," that "patient has exhausted extensive course non−surgical treatment," and that he "discussed surgery with patient, which in this case is indicated." The Verification of Treatment states, "[r]isks of delay in treatment includes further stenosis pain and deconditioning which would increase time for recovery after procedure." But here is no statement that the surgery must be performed immediately, and this document also says nothing about how long it would take to get an appointment. If it is the case that the surgeons won't get to the defendant for another 8 to 12 weeks, they do not appear to be treating it as an emergency. Given all of these circumstances, and the postponements already granted, the Court is troubled by the fact that the defendant seems to schedule appointments on the eve of key dates related to his incarceration, and that the medical information he supplies continues to be late, thinly supported, and vague. Therefore, defendant's motion to delay tomorrow's reporting date is hereby DENIED. It goes without saying that the Court expects the Bureau of Prisons to provide the defendant with all necessary medical treatment when he is in its custody. SO ORDERED. Signed by Judge Amy Berman Jackson on 9/30/2025. (lcabj1) (Entered: 09/30/2025) |
| 01/05/2026 | 126 | TRANSCRIPT OF PROCEEDINGS in case as to SHANE BRIAN LAMOND before Judge Amy Berman Jackson held on 02/01/2024. Page Numbers: 1−15. Date of Issuance: 01/05/2026. Court Reporter: Sara Wick, telephone number 202−354−3284. Transcripts may be ordered by submitting the Transcript Order Form |

| | | |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 1/26/2026. Redacted Transcript Deadline set for 2/5/2026. Release of Transcript Restriction set for 4/5/2026.(Wick, Sara) (Entered: 01/05/2026) |
| 01/09/2026 | 127 | TRANSCRIPT OF PROCEEDINGS in case as to SHANE BRIAN LAMOND before Judge Amy Berman Jackson held on 7/17/23; Page Numbers: 1−18. Date of Issuance:1/9/26. Court Reporter: Sherry Lindsay, Email: sherry_lindsay@dcd.uscourts.gov, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 1/30/2026. Redacted Transcript Deadline set for 2/9/2026. Release of Transcript Restriction set for 4/9/2026.(stl) (Entered: 01/09/2026) |
| 01/10/2026 | 128 | TRANSCRIPT OF PROCEEDINGS in case as to SHANE BRIAN LAMOND before Magistrate Judge Zia M. Faruqui held on May 19, 2023; Page Numbers: 1−25. Date of Issuance: January 10, 2026. Court Reporter/Transcriber Chandra Kean, RMR, FCRR, Telephone number 202−354−3404. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 1/31/2026. Redacted Transcript Deadline set for 2/10/2026. Release of Transcript Restriction set for 4/10/2026.(Kean, Chandra) (Entered: 01/10/2026) |
| 01/27/2026 | 129 | NOTICE OF WITHDRAWAL OF APPEARANCE by USA as to SHANE BRIAN LAMOND (Rothstein, Joshua) (Entered: 01/27/2026) |
| 02/02/2026 | 130 | TRANSCRIPT OF PRETRIAL CONFERENCE in case as to SHANE BRIAN LAMOND before Judge Amy Berman Jackson held on January 31, 2024. Page Numbers: 1 − 154. Date of Issuance: February 2, 2026. Court Reporter: Jeff Hook. Telephone number: 202−354−3373. Transcripts may be ordered by submitting the |

| | | |
|---|---|---|
| | | Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 2/23/2026. Redacted Transcript Deadline set for 3/5/2026. Release of Transcript Restriction set for 5/3/2026.(Hook, Jeff) (Entered: 02/02/2026) |
| 02/08/2026 | 131 | TRANSCRIPT OF PROCEEDINGS in case as to SHANE BRIAN LAMOND before Judge Amy Berman Jackson held on June 16, 2023; Page Numbers: 1−17. Date of Issuance:February 8, 2026. Court Reporter: Janice Dickman, Telephone number: 202−354−2367, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 3/1/2026. Redacted Transcript Deadline set for 3/11/2026. Release of Transcript Restriction set for 5/9/2026.(Dickman, Janice) (Entered: 02/08/2026) |
| 02/08/2026 | 132 | TRANSCRIPT OF PROCEEDINGS in case as to SHANE BRIAN LAMOND before Judge Amy Berman Jackson held on January 24, 2024; Page Numbers: 1−19. Date of Issuance: February 8, 2026. Court Reporter: Janice Dickman, Telephone number: 202−354−3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 3/1/2026. Redacted Transcript Deadline set for 3/11/2026. Release of Transcript Restriction set for 5/9/2026.(Dickman, Janice) (Entered: 02/08/2026) |
| 02/08/2026 | 133 | TRANSCRIPT OF PROCEEDINGS in case as to SHANE BRIAN LAMOND before Judge Amy Berman Jackson held on September 24, 2024; Page Numbers: 1−46. Date of Issuance: February 10, 2026. Court Reporter: Janice Dickman, Telephone number: 202−354−3267, Transcripts may be ordered by submitting the Transcript Order Form |

| | | |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 3/1/2026. Redacted Transcript Deadline set for 3/11/2026. Release of Transcript Restriction set for 5/9/2026.(Dickman, Janice) (Entered: 02/08/2026) |
| 02/08/2026 | 134 | TRANSCRIPT OF PROCEEDINGS in case as to SHANE BRIAN LAMOND before Judge Amy Berman Jackson held on December 2, 2024; Page Numbers: 1−109. Date of Issuance: February 8, 2026. Court Reporter: Janice Dickman, Telephone number: 202−354−3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 3/1/2026. Redacted Transcript Deadline set for 3/11/2026. Release of Transcript Restriction set for 5/9/2026.(Dickman, Janice) (Entered: 02/08/2026) |
| 02/08/2026 | 135 | TRANSCRIPT OF PROCEEDINGS in case as to SHANE BRIAN LAMOND before Judge Amy Berman Jackson held on December 3, 2024; Page Numbers: 1−272. Date of Issuance: February 8, 2026. Court Reporter: Janice Dickman, Telephone number: 202−354−3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 3/1/2026. Redacted Transcript Deadline set for 3/11/2026. Release of Transcript Restriction set for 5/9/2026.(Dickman, Janice) (Entered: 02/08/2026) |
| 02/08/2026 | 136 | TRANSCRIPT OF PROCEEDINGS in case as to SHANE BRIAN LAMOND before Judge Amy Berman Jackson held on December 4, 2024; Page Numbers: 1−294. Date of Issuance: February 8, 2026. Court Reporter: Janice Dickman, Telephone number: 202−354−3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. |

| | | |
|---|---|---|
| | | After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 3/1/2026. Redacted Transcript Deadline set for 3/11/2026. Release of Transcript Restriction set for 5/9/2026.(Dickman, Janice) (Entered: 02/08/2026) |
| 02/08/2026 | 137 | TRANSCRIPT OF PROCEEDINGS in case as to SHANE BRIAN LAMOND before Judge Amy Berman Jackson held on December 10, 2024; Page Numbers: 1−86. Date of Issuance: February 8, 2026. Court Reporter: Janice Dickman, Telephone number: 202−354−3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 3/1/2026. Redacted Transcript Deadline set for 3/11/2026. Release of Transcript Restriction set for 5/9/2026.(Dickman, Janice) (Entered: 02/08/2026) |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**Holding a Criminal Term**

**Grand Jury Sworn in on March 16, 2023**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 23-cr-** |
| | : | |
| **v.** | : | **GRAND JURY ORIGINAL** |
| | : | |
| **SHANE LAMOND,** | : | **VIOLATIONS:** |
| | : | |
| **Defendant.** | : | **Count 1: D.C. Code § 22-722** |
| | : | **(Obstruction of Justice)** |
| | : | |
| | : | **Counts 2-4: 18 U.S.C. § 1001(a)(2)** |
| | : | **(False Statements)** |
| | : | |

**INDICTMENT**

The Grand Jury charges that, at all times material to this Indictment, on or about the dates and at the approximate times stated below:

**Background**

1. Defendant SHANE LAMOND was a Lieutenant in the District of Columbia Metropolitan Police Department ("MPD"). LAMOND supervised the Intelligence Branch of MPD's Homeland Security Bureau.

2. As the Lieutenant in charge of the Intelligence Branch, LAMOND's responsibilities included supervising MPD's efforts to gather information about forthcoming rally or protest activity in the District of Columbia that may pose public safety threats to the community.

3. The Proud Boys ("Proud Boys") described itself as a "pro-Western fraternal organization for men who refuse to apologize for creating the modern world; aka Western

Chauvinists." Members of the Proud Boys routinely attended rallies, protests, and other events in the District of Columbia, some of which resulted in violence involving members of the group.

4. Through at least January 6, 2021, Enrique Tarrio was the national chairman of Proud Boys.

*Communications between LAMOND and Enrique Tarrio*

5. Beginning in July 2019 and continuing to at least January 2021, LAMOND and Tarrio were in regular contact regarding the Proud Boys' planned activities in the District of Columbia. They communicated at least 500 times using cloud-based messaging services, including Google Voice, Apple iMessages, and Telegram, an encrypted messaging application.

6. Between February 10, 2020, and July 4, 2020, LAMOND and Tarrio used Google Voice to exchange 56 messages and participate in five (5) calls.

7. Between August 20, 2020, and December 12, 2020, LAMOND and Tarrio used Apple iMessage to exchange 294 text messages.

8. Between July 3, 2020, and December 17, 2020, LAMOND and Tarrio used Telegram to exchange 79 messages using the private chat function.

9. Between December 18, 2020, and through at least January 4, 2021, LAMOND and Tarrio used Telegram to exchange approximately 145 messages using the secret chat function, utilizing end-to-end encryption and self-destruct timers. At least 101 of these messages were destroyed.

*LAMOND Used Encrypted Messaging and Provided Tarrio Information Relating to Law Enforcement Activity*

10. As early as at least July 2020, LAMOND began using Telegram to provide information to Tarrio about law enforcement activity relating to the Proud Boys' activities in Washington, D.C.

11. For example, on July 8, 2020, using Telegram, LAMOND notified Tarrio that a bar in Washington, D.C. frequented by Tarrio and members of Proud Boys might be subject to sanctions after an Alcohol and Beverage Control violation was reported. LAMOND informed Tarrio, "I'm working on finding out what sanctions might be imposed. As soon as I find out I will let you know."

12. On November 7, 2020, vote counts revealed that President Joseph R. Biden had won the 2020 Presidential Election, and several news organizations began reporting this fact.

13. At 1:08 p.m. on November 7, 2020, LAMOND texted Tarrio, "Hey brother, sad, sad news today. You all planning anything?" Tarrio responded, "Yep."

14. At 2:10 p.m. on November 7, 2020, using Telegram, LAMOND told Tarrio that "Need to switch to encrypted. Alerts are being sent out to LE that [Social Media Website] accounts belonging to your people are talking about mobilizing and 'taking back the country'. [sic] Getting people spun up. Just giving you a heads up."

15. At 2:14 p.m. on November 7, 2020, using Telegram, Tarrio sent LAMOND an audio message.

16. At 2:16 p.m. on November 7, 2020, using Telegram, LAMOND told Tarrio, "Got your voice messages. Just giving you a heads up. Please keep this between you and me."

17. On November 13, 2020, Tarrio came to Washington, D.C., to attend a rally scheduled for the next day to contest the results of the 2020 Presidential Election.

18. Earlier on November 13, 2020, LAMOND texted Tarrio, "I'm staying in D.C. tonight. Let me know if you go out and I may stop by."

19. After Tarrio later told LAMOND that he was heading to a bar in Washington, D.C., frequented by members of the Proud Boys, LAMOND responded, "Check telegram."

20. Around the same time, on Telegram, LAMOND told Tarrio, "Just giving you a heads up there's a lot of attention at [the bar] right now. If it doesn't calm down they are going to shut [the bar] dow[n]." A short time later, LAMOND told Tarrio through Telegram, "Just wanted to let you know. I heard [the District of Columbia Alcoholic Beverage Regulation Administration] already on scene."

21. On December 11, 2020, Tarrio and other members of the Proud Boys were in Washington, D.C., in advance of a rally planned for December 12, 2020, to protest the results of the 2020 Presidential Election. That evening, Tarrio, using Telegram, informed LAMOND that Tarrio and members of the Proud Boys were "going to have a briefing tonight at 1030 at the national mall" and that they were marching from a hotel in Washington, D.C. LAMOND responded, using Telegram, "Copy. Antifa should be staying up at BLM Plaza. Do you want me to let our uniformed officers know that or keep it to myself? I will be around all night in case anything kicks off." Immediately after, using Telegram, Tarrio sent LAMOND an audio message.

*MPD Investigation of Tarrio*

22. On December 12, 2020, Tarrio and other members of the Proud Boys attended a rally in Washington, D.C., organized to protest the results of the 2020 presidential election.

23. Later in the evening of December 12, 2020, Tarrio participated in the theft and burning of a banner that read "#BLACKLIVESMATTER" ("the BLM Banner"), which was property of Asbury United Methodist Church in Washington, D.C.

24. After the theft and burning was reported to law enforcement, MPD initiated an investigation ("the BLM Banner Burning Investigation"). The BLM Banner Burning Investigation was handled by MPD's riot task force, which consisted of various MPD detectives.

25. On December 17, 2020, Tarrio posted a message to a social media account in which he admitted he was the "person responsible for the burning."

26. On December 18, 2020, MPD received an anonymous tip that Tarrio had claimed responsibility for the burning.

27. On December 30, 2020, MPD and the U.S. Attorney's Office for the District of Columbia applied to the D.C. Superior Court for a warrant to arrest to Tarrio for destruction of property for his participation in the destruction of the BLM Banner. The same day, a judge of the D.C. Superior Court signed the arrest warrant, and the warrant was issued.

28. On January 4, 2021, Tarrio flew from Miami, Florida, to Arlington, Virginia. After landing in Arlington, Virginia, Tarrio traveled into the District of Columbia. After entering the District of Columbia, Tarrio was arrested pursuant to the December 30, 2020, warrant.

*LAMOND Gave Tarrio Confidential Law Enforcement Information about the BLM Banner Burning Investigation*

29. Meanwhile, from the time of the destruction of the BLM Banner through January 4, 2021, LAMOND and Tarrio were in regular contact about the BLM Banner Burning Investigation and Tarrio's involvement in the destruction of the BLM Banner.

30. On December 18, 2020, after LAMOND learned of the anonymous tip MPD received identifying Tarrio as the individual responsible for burning the BLM Banner, LAMOND contacted Tarrio on Telegram. To contact Tarrio, LAMOND used a chat on Telegram with the highest level of encryption available. LAMOND and Tarrio then had the following exchange:

LAMOND: Hey brother, did you call in an anonymous tip to MPD claiming responsibility for the banner burning?

TARRIO: I did more than that. It's on my social media.

LAMOND: I gotcha. Someone called in an anonymous tip saying that you claimed responsibility for it.

TARRIO: This wasn't a hate crime. And I want to see it play out.

LAMOND: I'm curious to see what happens too. I will check with our CID [Criminal Investigations Division] people if they have you on video.

31. Soon after, Tarrio, using Telegram, told other members of the Proud Boys that "We got the jump on the narrative for the banner burning. This should make it next it impossible for them to use 'hate crime' enhancement. As per my contact at DC Metro... This stays in here."

32. Later on December 18, 2020, using the same encrypted chat function, after Tarrio asked LAMOND if LAMOND thought "they'll make a stink of it," LAMOND responded: "No, a bit of the opposite. I've been talking to CID about it. They wanted to know what I know about your group and if I think you all are racist. I told them you are made up a lot of Latinos and blacks so not a racist thing. If anything I said it's political but then I drew attention to the Trump and American flags that were taken by Antifa and set on fire. I said all those would have to be classified as hate crimes too. It's not being investigated by FBI though. Just us (MPD)."

33. A short time later on December 18, 2020, LAMOND, using the same encrypted chat function, told Tarrio: "I don't think they have any pictures of you though." After Tarrio sent an image file to LAMOND, LAMOND responded, "Got it. We will see if we can ID the person."

34. Soon after, Tarrio, using Telegram, copied the information that he had received from LAMOND and shared it with other members of the Proud Boys.

35. Tarrio, using Telegram, also told an individual "So I just got word... we're clear on the banner."

36. Tarrio then posted on Parler, a social media network, that "...I'm here to tell you that no hate crime was committed. The only hate there is in my heart is for communism and an authoritarian government. BLM is a Marxist movement. It isn't about the color of someone's

skin. Against the wishes of my attorney I am here today to admit that I am the person responsible for the burning of this sign. And I am not ashamed of what I did because I didn't do it out of hate... I did it out of love. Love for a country that has given my family SO MUCH. The burning of this banner wasn't about race religion or political ideology it was about a racist movement that has terrorized citizens of this country. I will not standby [sic] and what them burn another city. So let me make this simple. I did it. Come get me if you feel like what I did was wrong. We'll let the public decide. Forever PROUD. Enrique."

37. On December 19, 2020, LAMOND, using the same encrypted chat, function told Tarrio that "[p]olice want to talk to you about the banner" and asked Tarrio if there was a phone number Tarrio wanted LAMOND to give the police.

38. On December 20, 2020, from 4:40 p.m. to 4:51 p.m., LAMOND and Tarrio exchanged the following encrypted messages:

TARRIO: Miami Dade PD reached out. I'm going to use my 5th. I'll be in DC on the 6th if MPC wants to talk to me they can see me there. Are they pushing the hate crime thing?

LAMOND: Give me a call when you can

TARRIO: Through here?

39. On December 20, 2020, at 4:51 p.m., Tarrio called LAMOND using Telegram. The call lasted approximately 7 minutes.

40. On December 22, 2020, approximately two minutes after Tarrio sent LAMOND a screenshot of a message he received from an MPD detective assigned to the BLM Banner Burning Investigation through Telegram, LAMOND changed the settings of his encrypted chat with Tarrio on Telegram so that future messages would delete 5 seconds after the recipient opened them.

41. On December 25, 2020, on the same encrypted chat, LAMOND informed Tarrio, "Just a heads up, CID had me ID you from a photo you posted on [social media website] kneeling

down next to the BLM banner so they may be submitting an arrest warrant to US Attorney's Office."

42. On December 30, 2020, at 6:20 p.m., LAMOND called Tarrio using Telegram. The call lasted approximately 14 minutes.

43. After the call with LAMOND, at 6:38 p.m., Tarrio initiated an "Emergency Voice Chat" with the group "Ministry of Self Defense."

44. On that same day, at 6:55 p.m., Tarrio, using Telegram, sent a message to Person 1, stating, "My contact just called me… DA hasn't signed it yet…"

45. On that same day, at 7:13 p.m., Tarrio, using Telegram, sent several messages to the "Ministry of Self Defense" group chat:

TARRIO: Info stays here

.....

TARRIO: No one else knows

....

TARRIO: It just the misdemeanor. Not hate crime.

TARRIO: And it hasn't been solid yet.

....

TARRIO: They'll probably drop the charges or something

TARRIO: They just want to arrest

PERSON 2: Is it coming on the 6th?

TARRIO: The DA might or might not give it to them

TARRIO: I'm pushing for it

46. On January 1, 2021, at approximately 1:06 p.m., LAMOND sent several messages

to Person 3, an official with the Capitol Police Department, stating "TIGHT HOLD on this but I may lose him as a source soon. Our CID got a warrant for him burning them BLM banner. They are going to pick him up next week when he is in town so he may not speak to me anymore... They were contemplating making this one a hate crime. I said if that's the case they would have to make all of the us taken and burned by Antifa hate crimes. They backed off then... in the end it's just a misdemeanor charge so it won't go far but it was very political."

47. That same day, beginning at approximately 1:33 pm, Tarrio, using Telegram, sent several messages to Person 4, stating, "DC metro submitted an arrest warrant to the Attorneys office . . . Destruction of property. No hate crime enhancement . . . But he says that he's doesn't think they're going to sign off on it . . . Because they're afraid I'll take it to trial and their argument is weak."

*LAMOND Tipped off Tarrio About the Warrant for His Arrest*

48. On January 4, 2021, Tarrio flew from Miami, Florida to Arlington, Virginia. At approximately 1:02 p.m., while Tarrio was inflight, LAMOND changed the settings of his encrypted chat with Tarrio on Telegram so that future messages would delete 10 seconds after the recipient opened them. Using Telegram, LAMOND then sent a message to Tarrio while Tarrio was inflight.

49. On January 4, 2021, at 1:30 p.m., while on the flight from Miami, Florida, to Arlington, Virginia, using Telegram, Tarrio sent several messages to Person 5 containing information he received from LAMOND:

TARRIO: Warrant was just signed

PERSON 5: OMG

PERSON 5: Babe :/

TARRIO: It's cool. They'll have to have me in and out

PERSON 5: When you land? Are they taking you on stage

PERSON 5: This is so fucked

TARRIO: Don't know if my contact will tell me that

50. On January 4, 2021, at approximately 1:31 p.m., while on the flight from Miami, Florida, to Arlington, Virginia, Tarrio messaged the group chat "Ministry of Self Defense" and stated, "The warrant was just signed."

51. LAMOND did not tell MPD personnel handling the BLM Banner Burning Investigation that he had given Tarrio information about the status of the investigation or that Tarrio had made admissions to LAMOND about Tarrio's involvement in the destruction of the BLM Banner.

52. LAMOND did not provide his communications with Tarrio about the BLM Banner Burning Investigation or Tarrio's involvement in the destruction of the BLM Banner to anyone at MPD.

*The January 6, 2021, Attack on the United States Capitol and the Subsequent Federal Investigation*

53. On January 6, 2021, a riotous mob forced entry into the U.S. Capitol in Washington, D.C., by breaking windows, ramming open doors, and assaulting local and federal law enforcement officers ("the January 6 Attack"). Other crowd members encouraged and otherwise assisted the forced entry. As a result of the attack on the U.S. Capitol building, Congress's certification of the 2020 presidential election results was interrupted and delayed.

54. Members and associates of the Proud Boys were present at and participated in the January 6 Attack, and were subsequently convicted for their illegal conduct.

55. Immediately following the January 6 Attack, the Federal Bureau of Investigation

("FBI") and the United States Attorney's Office for the District of Columbia ("USAO") launched a criminal investigation, for which a federal grand jury was convened in the District of Columbia ("the Federal Investigation").

56. By January 7, 2021, LAMOND was aware of the Federal Investigation.

57. As part of the Federal Investigation, beginning on January 6, 2021, and continuing to the present, the FBI and USAO investigated and continue to investigate Tarrio's, the Proud Boys', and their associates' participation in and planning for the January 6 Attack.

*Tarrio Provided LAMOND with Information about the January 6 Attack*

58. On December 19, 2020, using Telegram, LAMOND asked Tarrio to let LAMOND know if the Proud Boys was going to participate in the rally planned for January 6, 2021, in Washington, D.C. Tarrio responded that if the Proud Boys participated it would be "extremely small and not in colors."

59. On December 20, 2020, using Telegram, Tarrio told LAMOND that Tarrio would be in Washington, D.C. on January 6, 2021.

60. From January 7, 2021, through at least January 9, 2021, using Telegram, LAMOND and Tarrio exchanged messages about the January 6 Attack and the involvement of Tarrio's associates in it.

61. On January 7, 2021, using Telegram, LAMOND and Tarrio exchanged the following messages:

TARRIO: I think I could have stopped this whole thing.

LAMOND: I don't know, bro. You know it's fucking bad when [Person 6] was the voice of reason and they wouldn't listen to him. He got on the bullhorn and urged everyone to stop attacking the police and march around the US Capitol and they ignored him

LAMOND: How you holding up? I checked on your charges and the Poss of High Capacity Mags is a felony

TARRIO: So gay

TARRIO: Yeah but I have guys I can line up . . . he doesn't

TARRIO: Lol

LAMOND: That is true

LAMOND: Yesterday was a total shitshow

62. Later on January 7, 2021, using Telegram, LAMOND and Tarrio exchanged the following messages:

TARRIO: I have someone you guys might be looking for. [Person 7]. She had Maryland police go to her house yesterday.

TARRIO: She thinks they came because of the Capitol stuff.

LAMOND: Copy. Not that I'm aware of offhand but i will check

LAMOND: I know we are working on identifying a number of people

TARRIO: Let me know if she's on your list. I'll have her turn herself in

63. After receiving Tarrio's information about Person 7, LAMOND used his law enforcement contacts to obtain a list of individuals that the FBI had identified as subjects in the Federal Investigation. After receiving the list, on Telegram, LAMOND wrote to Tarrio, "Nope. Not on our list."

64. On January 8, 2021, using Telegram, LAMOND and Tarrio exchanged the following messages:

LAMOND: Looks like the feds are locking people up for rioting at the Capitol. I hope none of your guys were among them.

TARRIO: So far from what I'm seeing and hearing we're good

LAMOND: Great to hear. Of course I can't say it officially, but personally I support you all and don't want to see your group's name or reputation dragged through the mud

TARRIO: One of my guys did get arrested in Hawaii. But he was just in there behind people. Recorded the whole thing for his YouTube. No damage

| | |
|---|---|
| TARRIO: | Thanks but I think we're passed that . . . the brunt of this will come down on us. |
| TARRIO: | Past* |
| LAMOND: | It's not going to matter. Simply entering the building will be enough to get charged. Being up on the upper terrace past the police lines may even be enough |
| TARRIO: | Yeah I know. Will those be felonies? |
| LAMOND: | Yes. 100% |
| TARRIO: | What felony is it? |
| LAMOND: | 18 USC 1752 – Restricted Building or Ground |

*LAMOND Lied to and Misled USAO Investigators*

65. On June 2, 2021, when Federal Law Enforcement Officers 1 and 2 (USAO investigators) interviewed LAMOND about his contacts with Tarrio, LAMOND knowingly and willfully made several false and misleading statements to them, as described below.

66. When asked whether, in his conversations with Tarrio, it was common for Tarrio "to fish" for information, LAMOND responded, "No, not really. He never really asked me questions about, like, you know, what we were doing or anything. It was more, you know, one-sided with just him telling me, you know, what their plans were." In fact, as LAMOND knew, since at least July 2020, LAMOND regularly provided sensitive law enforcement information to Tarrio.

67. When asked how he would typically communicate with Tarrio, LAMOND misleadingly stated, "[e]ither by phone, or I'm trying to think. Never by email. I can't remember. I think sometimes it was by text, too. I don't remember." When then asked specifically whether LAMOND and Tarrio used Telegram or another encrypted messaging service, LAMOND

misleadingly stated, "I think Telegram, maybe?" In fact, as LAMOND knew, by November 2020, LAMOND and Tarrio communicated almost exclusively by Telegram.

68. When asked what LAMOND's conversations were like with Tarrio between the date of the BLM Banner Burning and Tarrio's arrest on January 4, 2021, LAMOND responded, "I was trying to find out, without tipping him off to the MPD investigation." In fact, as LAMOND knew, between the date of the BLM Banner Burning and January 4, 2021, LAMOND provided regular updates and information to Tarrio about the BLM Banner Burning Investigation.

69. Later in the interview, LAMOND falsely stated that after Tarrio publicly claimed responsibility for the BLM Banner Burning, LAMOND and Tarrio "ha[d] another conversation afterwards, but we didn't talk about the banner, or whether or not he did it." In fact, as LAMOND knew, Tarrio had indicated to LAMOND that Tarrio participated in the BLM Banner Burning.

70. When asked whether MPD's arrest plan for Tarrio in the BLM Banner Burning Investigation was to carry it out without notifying Tarrio in advance or to get Tarrio to turn himself in, LAMOND stated that he believed the plan was to carry out the arrest plan without notifying Tarrio and that "I know that I didn't, you know inform him that he had an arrest warrant." In fact, as LAMOND knew, he had informed Tarrio that MPD had an arrest warrant for Tarrio before MPD arrested him.

71. During the interview, LAMOND misleadingly stated that he had "one or two" conversations with Tarrio on January 6, 2021, or the day after, and that Tarrio had told LAMOND that Tarrio believed he could have stopped the January 6 Attack.

72. LAMOND did not disclose that Tarrio had identified to LAMOND an associate who was present at the U.S. Capitol on January 6 or that Tarrio had previously made comments about attending events in Washington, D.C. on January 6.

**COUNT ONE**
**(Obstruction of Justice - D.C. Code § 22-722)**

73. Paragraphs 1 through 72 are incorporated herein.

74. On or about December 13, 2020, through on or about January 4, 2021, within the District of Columbia,

**SHANE LAMOND,**

willfully and knowingly, did corruptly obstruct and impede and endeavor to obstruct and impede the due administration of justice in an official proceeding, that is, the investigation and prosecution of destruction of property arising from the December 12, 2020, burning of a banner that read "#BLACKLIVESMATTER" in Washington, D.C.

(In violation of D.C. Code § 22-722 (Obstruction of Justice))

**COUNT TWO**
**(False Statement - 18 U.S.C. § 1001(a)(2))**

75. Paragraphs 1 through 72 are incorporated herein.

76. On June 2, 2021, in the District of Columbia and elsewhere, the defendant,

**SHANE LAMOND,**

did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States; that is, in an interview conducted by federal law enforcement, LAMOND falsely stated that LAMOND's relationship with Tarrio "was more, you know, one-sided with just him telling me, you know what their plans were," when, in fact, as LAMOND knew, since at least July 2020, LAMOND had regularly provided Tarrio with confidential information about law enforcement activity.

(In violation of Title 18, United States Code, Section 1001(a)(2))

**COUNT THREE**
**(False Statement - 18 U.S.C. § 1001(a)(2))**

77. Paragraphs 1 through 72 are incorporated herein.

78. On June 2, 2021, in the District of Columbia and elsewhere, the defendant,

**SHANE LAMOND,**

did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States; that is, in an interview conducted by federal law enforcement, LAMOND falsely stated that LAMOND had tried to find out information from Tarrio about Tarrio's involvement in the December 12, 2020, destruction of the BLM Banner "without tipping him off to the MPD investigation," when, in fact, as LAMOND knew, LAMOND had provided regular updates and information to Tarrio about the BLM Banner Burning Investigation.

(In violation of Title 18, United States Code, Section 1001(a)(2))

**COUNT FOUR**
**(False Statement - 18 U.S.C. § 1001(a)(2))**

79. Paragraphs 1 through 72 are incorporated herein.

80. On June 2, 2021, in the District of Columbia and elsewhere, the defendant,

**SHANE LAMOND,**

did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States; that is, in an interview conducted by federal law enforcement, LAMOND falsely stated that LAMOND "didn't, you know, inform him that he had an arrest warrant" for Tarrio's participation in the December 12, 2020, destruction of the BLM Banner, when, in fact, as LAMOND knew, LAMOND had informed Tarrio that an arrest warrant had been issued for Tarrio.

(In violation of Title 18, United States Code, Section 1001(a)(2))

A TRUE BILL

FOREPERSON

Matthew M. Graves/jph
MATTHEW M. GRAVES
ATTORNEY FOR THE UNITED STATES
IN AND FOR THE DISTRICT OF COLUMBIA

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**SHANE BRIAN LAMOND,**<br><br>**Defendant.** | **CRIMINAL NO. 23-cr-177-ABJ** |

# JOINT PRETRIAL STATEMENT

The United States and Counsel for Shane Brian Lamond respectfully submit this Joint Pretrial Statement containing: Proposed Neutral Statements of the Case; Estimate of the Number of Days of Trial; List of Outstanding Motions *in Limine*; Proposed *Voir Dire* Questions; Proposed Jury Instructions; Witness Lists; Exhibit Lists; Proposed Verdict Form. The parties have not agreed to any stipulations in this matter.

## I. Proposed Neutral Statements of the Case

The parties do not agree on the proposed neutral statement of the case, and each present their proposed neutral statements below:

### A. Government's Proposal for Neutral Statement of the Case

This is a criminal case. Shane Brian Lamond is the defendant. Mr. Lamond has been charged with three counts of false statements and one count of one count of obstruction of justice. Mr. Lamond was a Lieutenant in the District of Columbia Metropolitan Police Department ("MPD") and supervised the Intelligence Branch of MPD's Homeland Security Bureau. The Proud Boys ("Proud Boys") described itself as a "pro-Western fraternal organization for men who refuse to apologize for creating the modern world; aka Western Chauvinists." Members of the Proud Boys routinely attended rallies, protests, and other events in the District of Columbia, some

of which resulted in violence involving members of the group. Enrique Tarrio was the national chairman of the Proud Boys.

It is alleged that, as early July 2020, Mr. Lamond began using Telegram to provide information to Tarrio about law enforcement activity relating to Proud Boys' activities in D.C.

On December 12, 2020, Tarrio and other members of the Proud Boys attended a rally in Washington, D.C. organized to protest the results of the 2020 Presidential Election. Later in the evening, Tarrio participated in the theft and burning of a banner that read "#BLACKLIVESMATTER." After the theft and burning was reported to law enforcement, MPD initiated an investigation.

It is alleged that Mr. Lamond gave Tarrio confidential law enforcement information into banner burning investigation. It is further alleged that Tarrio then passed this information along to other Proud Boys members and took action based on the sensitive information.

It is alleged that, on or about January 4, 2021, following the issuance of an arrest warrant for Tarrio in connection with the burning of the BLM banner, while Tarrio was on a flight from Miami, Florida to Arlington, Virginia, Mr. Lamond, using Telegram, sent Tarrio a notification that a warrant had been signed for his arrest in the District of Columbia. For this conduct, Mr. Lamond has been charged with obstruction of justice, in this criminal matter.

After arriving in Arlington, Virginia and driving into the District of Columbia, Tarrio was arrested on the warrant and subsequently pleaded guilty to one count of destruction of property in connection with the burning of the banner.

It is alleged that, during a subsequent interview with federal law enforcement, Mr. Lamond made false and misleading statements regarding his communications and contacts with Tarrio. These false and misleading statements related to: (1) whether Mr. Lamond had provided Tarrio

with sensitive law enforcement information; (2) whether Mr. Lamond had notified Tarrio about the status of the MPD investigation into the banner burning; and (3) whether Mr. Lamond notified Tarrio about his pending arrest warrant. For this conduct, Mr. Lamond has been charged with making false statements.

Lamond has pleaded not guilty and denies all of the charges in the Indictment.

**B. Defendant's Proposal for Neutral Statement of the Case[1]**

This is a criminal case. Shane Brian Lamond is the defendant. Mr. Lamond has been charged with three counts of false statements and one count of obstruction of justice. Mr. Lamond is a retired Lieutenant with the District of Columbia Metropolitan Police Department ("MPD") and supervised the Intelligence Branch of MPD's Homeland Security Bureau. The Proud Boys ("Proud Boys") is a far-right political group. Members of the Proud Boys routinely attended political rallies, protests, and other legal events in the District of Columbia. Enrique Tarrio was the national chairman of the Proud Boys which, because of its ideology, was of interest to law enforcement, including MPD. Mr. Tarrio was one of many intelligence sources for Lt. Lamond.

On December 12, 2020, Mr. Tarrio and other members of the Proud Boys attended a rally in Washington, D.C. to protest the results of the 2020 Presidential Election. Later in the evening, Mr. Tarrio participated in the theft and burning of a banner that read "#BLACKLIVESMATTER." After the theft and burning was reported to law enforcement, MPD's criminal division initiated a public investigation. On December 18, 2020, Mr. Tarrio publicly acknowledged on his verified social media account, and in an interview with the Washington Post, that he had in fact burned the flag.

[1] The Government objects to the Defendant's neutral statement of the case because it: (1) contains superfluous language; (2) is highly argumentative; and (3) makes unsupported assertions as if they are facts agreed upon by the parties.

It is alleged that, on or about January 4, 2021, following the issuance of an arrest warrant for Mr. Tarrio on December 30, 2020, in connection with the burning of the BLM banner, while Mr. Tarrio was on a flight from Miami, Florida to Arlington, Virginia, Mr. Lamond, using Telegram, sent Mr. Tarrio a notification that a non-extraditable misdemeanor warrant had been signed for his arrest in the District of Columbia and that he did so willfully and knowingly, with corrupt intent to obstruct and impede the due administration of justice. Mr. Lamond is charged with obstruction of justice.

MPD, knowing that Mr. Tarrio was an intelligence source for Lt. Lamond, enlisted Lt. Lamond to assist in identifying and tracking Mr. Tarrio's flight and providing intelligence to the arrest team, which he did. After arriving in Arlington, Virginia and driving into the District of Columbia, Mr. Tarrio was arrested on the warrant and subsequently pleaded guilty to one count of destruction of property in connection with the burning of the banner. Mr. Tarrio came into the District of Columbia directly from the airport and made no effort to avoid law enforcement, the District of Columbia, or to flee.

It is alleged that, during a subsequent interview with United States Attorneys' Office investigators, Mr. Lamond knowingly and willingly made materially false statements to them. These alleged knowingly and willingly made materially false statements charged by the grand jury are the specific subparts of the following exchanges:

1. Question: So when he would reach out, and ask questions, or when he would be engaging, would he be – would it be common for him to fish?

Answer: No, not really. He never really asked me question about, like, you know, what we were doing or anything. It **was more, you know, one-sided with just him telling me, you know what their plans were**. Like, he would never tell me where

the group was staying, so, he wouldn't tell me where, you know, the other Proud Boys – we knew in the beginning it was always (the same hotel).

2. Question: What were those conversations like? Were he prepping you for what was coming?

Answer: That was part of it. The other part was I was trying to find out **without tipping him off to the MPD investigation**. So we had some still photos, of him being, as part of the rally, but we didn't have any, like confirmation that he was the one to burn the banner. We knew that some of the Proud Boys were there

3. Question: So they made their determination?

Answer: Yes, but I know that I **didn't, you know, inform him that he had an arrest warrant** and I don't know, I mean, I don't think they contacted him to see if he'd, like, turn himself in.

Lamond has pleaded not guilty and denies the charges.

## II. Estimate of the Number of Days of Trial

The parties expect that the trial will last 7-8 days, not including jury selection, opening statements and closing arguments. The Government expects that its case-in-chief will take five (5) days and, if necessary its rebuttal case will take one (1) day. The Defendant expects that his case will take two (2) days.

## III. List of Outstanding Motions *in Limine*

The following motions are outstanding:

- Motion *in Limine* to Admit Summary Charts Pursuant to Federal Rule of Evidence 1006;
- United States' Motion to Admit Certain Evidence Pursuant to Federal Rules of Evidence 801(d)(2) and 807.

## IV. Proposed *Voir Dire* Questions

**A. (DRAFT) Jointly Proposed**

Knowledge of the Parties

1. The Defendant is Shane Brian Lamond, a resident of the State of Virginia and was employed as a Police Officer by the District of Columbia Metropolitan Police Department. Do you know him?

2. The lawyers for the United States are Joshua Rothstein and Rebecca Ross. Do you know either of them?

3. The lawyers for Mr. Lamond are Mark Schamel and Ana Jara. Do you know either of them?

4. I am going to list several names of individuals who may testify in this proceeding. Do you know any of them?

   i. Elizabeth Hadley, Special Agent, FBI
   ii. Sean Ricardi, Special Agent, U.S. Attorney's Office
   iii. Jennifer Kathryn "Kate" Cain, Digital Forensic Examiner, FBI
   iv. Gary Ciapa, Agent, Internal Affairs, Metropolitan Police Department
   v. Anthony Greene, Lieutenant, Metropolitan Police Department
   vi. Nicole Copeland, Detective, Metropolitan Police Department
   vii. Franklyn Then, Detective, Metropolitan Police Department
   viii. Ashan Mufti, Detective, Metropolitan Police Department
   ix. Carolyn Scheriff, Director, Metropolitan Police Department
   x. Leslie Parsons, Commander, Metropolitan Police Department
   xi. John Haines, Commander, Metropolitan Police Department
   xii. Jeffrey Carroll, Assistant Chief, Metropolitan Police Department
   xiii. Bryan Molnar, Special Agent in Charge, HHS-OIG
   xiv. Jeremy Bertino
   xv. Nicholas Quested
   xvi. Frank "Ben" Tyler, Virginia State Police
   xvii. Henry "Enrique" Tarrio
   xviii. Mark Veranelli
   xix. Chris Silva – Park Police
   xx. Jay Nasworthy – Secret Service
   xxi. John Donohue – Capitol Police
   xxii. Julie Farnham – Capitol Police
   xxiii. Nicole Miller, Special Agent, FBI
   xxiv. David Crane, Intelligence Analyst, FBI
   xxv. Catherine Bowles, Task Force Officer, FBI
   xxvi. Paulina Murphy, Special Agent, FBI

xxvii. Ryan Lamb, Special Agent Forensic Examiner, FBI
xxviii. Jeremy Chedester, Task Force Officer, FBI
xxix. Jamie Stranahan, Special Agent, FBI
xxx. Diana Havlin, Performance and Data Analyst, Metropolitan Police Department
xxxi. David Hong, Captain, Metropolitan Police Department
xxxii. Geoffrey Guska, Special Agent, FBI
xxxiii. Jonathan Branch, Commander, Metropolitan Police Department
xxxiv. Paul Courtney, Major Crimes Superior Court Section, U.S. Attorney's Office
xxxv. Carolyn Montagna, Director, Metropolitan Police Department
xxxvi. Michael Reese, Investigator Violence Reduction Unit, Metropolitan Police Department
xxxvii. Brian Carney, Lieutenant Commander, Anne Arundel County Police Department
xxxviii. Nicholas Tomasula, Investigator, Metropolitan Police Department
xxxix. Kathryn Camiliere, Special Agent, FBI
xl. Daniel Godin, Commander of the Youth and Family Services, Metropolitan Police Department
xli. Sean Gallagher, Acting Assistant Chief of Police for Uniformed Operations, Capitol Police
xlii. Martin Moraitis, Former FBI Miami TFO
xliii. Robert Joseph Hooker, Special Agent, FBI
xliv. Hunter Locke, Special Agent, FBI
xlv. Charlie Cox, Special Agent, TSA
xlvi. David Carter, Detective, Metropolitan Police Department
xlvii. Robert Pond
xlviii. Dave Engel
xlix. Kevin Riley
l. Robert Glover
li. Han Kim, Metropolitan Police Department
lii. Peter Herman
liii. Oliver Garvey
liv. Alisa Brown
lv. Daren DeMarco
lvi. Paul Courtney
lvii. Julianne Johnston

<u>Experience with the Legal System and U.S. Government</u>

2. Have you, or any members of your immediate family, ever studied law or had any legal training, including paralegal training?

3. Have you, or any of your family, close friends, or household members, ever worked for

or with an office that handles prosecution? By "prosecution," the question means government agencies such as the United States Attorney's Office, a district attorney's office, or an attorney general's office.

4. Have you, or any of your family, close friends, or household members, ever worked for or with a law enforcement agency? By "law enforcement," this question means government agencies like the U.S. Park Police, Immigration and Customs Enforcement Agency (ICE), the Department of Homeland Security, the Department of Corrections, state and local police and fire departments; the Metropolitan Police Department; the Federal Bureau of Investigation, also known as the FBI; the Department of Justice; the U.S. Marshal's Service; the Bureau of Alcohol, Tobacco, Firearms, and Explosives, also known as the ATF; the Drug Enforcement Administration, also known as DEA; the Internal Revenue Service the U.S. Secret Service; the CIA; and probation and parole officers.

5. Have you, or any of your family, close friends, or household members, ever done any work for or with any person or organization that does criminal defense work, such as the Federal Defender's Office, the Public Defender's office, defense attorneys, or a private law firm? This question also includes work as a private investigator.

6. Have you, or any of your family, close friends, or household members, ever worked at a courthouse or for a court system, including D.C. Superior Court, or the U.S. District Court, including the Pretrial Services Agency, CSOSA, or U.S. Probation?

7. Do you, or any of your family, close friends, or household members, have a pending application for employment with the United States Attorney's Office; a public defender service; a law firm that does criminal defense work; with any local, state, or federal law enforcement agency, as defined above; or with any courthouse or court system as defined above?

8. Have you had any unpleasant experiences with the police or a prosecutor or other law enforcement, whether here in D.C. or elsewhere? Or any unpleasant experiences with a defense attorney or defense investigator, whether here in D.C. or elsewhere?

9. Do you have any beliefs or opinions about law enforcement officers that would affect your ability to fairly and impartially evaluate the credibility of a law enforcement officer, like any other witness, simply because he or she is a law enforcement officer?

10. Do you have any beliefs or opinions about the United States Attorney's Office, the U.S. Department of Justice, criminal defense attorneys, or the Federal Bureau of Investigation that would make it difficult for you to remain fair and impartial to both the government and the Defendant throughout the trial in this case?

<u>Prior Jury Service</u>

11. Has anyone ever served on a jury before?

12. Has any member served as a juror in a case where in which an agreement as to a verdict

was **not** reached?

13. Has anyone served as a foreperson for a jury?

Ability to Serve and Deliberate

14. Is there anything about your political beliefs or affiliations that would prevent you from following the law as I instruct you or reaching a verdict based solely on the evidence you receive during the trial?

15. Does anyone have personal beliefs about the criminal justice system that would impact their ability to render a verdict one way or the other, regardless of the evidence presented at trial and regardless of the law as I instruct you?

16. Do you have any difficulty seeing or hearing that would make it difficult for you to follow or receive the evidence presented in the case?

17. Are you taking any medication or do you have any physical condition that could make it difficult for you to sit as a juror and give your full attention to the trial and the evidence in this case?

18. Do you have any difficulty speaking, understanding, reading, or writing the English language?

19. Do you have any moral, religious, or ethical beliefs that prevent you from sitting in judgment of another person in a criminal trial?

20. Is there anything about the charges being brought in this case that would cause you to be prejudice or biased for or against the Federal Government, for or against any witness, or for or against the Defendant?

21. Is there anything that comes to mind that could make you either consciously or subconsciously feel strongly for or against either party, or affect your ability to be fair and impartial in this case?

22. Are you familiar with the Black Lives Matter (BLM) movement? Is there anyone that has an opinion about Black Lives Matter (BLM) that would make it difficult for you to remain fair and impartial?

23. Are you familiar with the Proud Boys or Enrique Tarrio, the former leader of the Proud Boys? Is there anyone that has an opinion about Proud Boys or Enrique Tarrio that would make it difficult for you to remain fair and impartial?

24. Have you had any dealings with the United States Government in which you feel the government did not give you fair treatment?

25. Are there any among you who have any claim against the United States pending at this time?

26. Do each of you understand that in federal court jurors determine whether a defendant is guilty or not guilty from the evidence, and the punishment provided for the offense charged in the indictment is a matter for the Court and should not be considered by the jury in any way in arriving at your verdict? Will that affect your ability to sit as a juror?

27. During this trial, you my hear testimony from witnesses who have pled guilty pursuant to a court-approved plea agreement with the government under which the witness has agreed to cooperate with the government in the hope that he or she will receive a more lenient sentence in return for truthful cooperation. Plea agreements such as these are lawful and permitted, and I will later instruct you on how to consider such testimony. Is there anything about these circumstances that will make it difficult for you to evaluate such testimony fairly and impartially in accordance with my instructions?

**B. Additional Voir Dire - Proposed by the Defendant to Which the Government Objects**

1. Do you belong to any groups that have taken positions with regard to law enforcement, such as Black Lives Matter?

2. Does anyone have a problem with the presumption of innocence?

3. Do each of you understand that Shane Lamond is innocent of all charges, unless and until the government can prove every element of each charge beyond a reasonable doubt?

4. Do each of you accept that Mr. Lamond has no burden or obligation, he needs not prove his innocence, but rather the government must prove its allegations beyond a reasonable doubt or you must, as a matter of law, find Mr. Lamond not guilty?

## III. PROPOSED JURY INSTRUCTIONS

The parties hereby propose the following jury instructions, subject to issues that arise during trial. Proposed instructions that do not come from the Standardized Criminal Jury Instructions for the District of Columbia ("Redbook") are identified in the list below in bold, with the proposed language following.

**A. Joint Agreement as to the Instructions Below:**

**PRELIMINARY INSTRUCTIONS**

1. Preliminary Instructions Before Trial, Criminal Jury Instructions for the District of Columbia § 1.102

2. Notetaking by Jurors, Criminal Jury Instructions for the District of Columbia § 1.105

3. Preliminary Instructions to Jury Where Identity of Alternates is Not Disclosed § 1.107

4. A Juror's Recognition of a Witness or Other Party Connected to the Case § 1.108

**ANTICIPATED INSTRUCTIONS DURING TRIAL**

5. Cautionary Instruction on the Use of the Internet, Criminal Jury Instructions for the District of Columbia § 1.202
    - Defendant requests the bracketed language also be given.

6. A Stipulation of Fact § 1.103

**FINAL JURY INSTRUCTIONS**

**PART ONE**

7. Furnishing the Jury with a Copy of the Instructions, Criminal Jury Instructions for the District of Columbia § 2.100

8. Function of the Court, Criminal Jury Instructions for the District of Columbia § 2.101

9. Function of the Jury, Criminal Jury Instructions for the District of Columbia § 2.102

10. Jury's Recollection Controls, Criminal Jury Instructions for the District of Columbia § 2.103

11. Evidence in the Case, Criminal Jury Instructions for the District of Columbia § 2.104

12. Statements of Counsel, Criminal Jury Instructions for the District of Columbia § 2.105

13. Indictment Not Evidence, Criminal Jury Instructions for the District of Columbia § 2.106

14. Burden of Proof, Criminal Jury Instructions for the District of Columbia § 2.107

15. Reasonable Doubt, Criminal Jury Instructions for the District of Columbia § 2.108

16. Direct and Circumstantial Evidence, Criminal Jury Instructions for the District of Columbia § 2.109

17. Number of Witnesses, Criminal Jury Instructions for the District of Columbia § 2.111

18. Inadmissible and Stricken Evidence, Criminal Jury Instructions for the District of Columbia § 2.112 (if applicable)

19. Credibility of Witnesses, Criminal Jury Instructions for the District of Columbia § 2.200

20. Witness with a Plea Agreement Criminal Jury Instructions for the District of Columbia § 2.203

21. Testimony of Immunized Witness, Criminal Jury Instructions for District of Columbia § 2.204 (if applicable)

22. Police Officer's Testimony, Criminal Jury Instructions for the District of Columbia § 2.207

23. Right of Defendant Not to Testify, Criminal Jury Instructions for the District of Columbia § 2.208 (if applicable)

24. Defendant as Witness, Criminal Jury Instructions for the District of Columbia § 2.209 (if applicable)

25. False or Inconsistent Statement by Defendant, Criminal Jury Instructions for the District of Columbia § 2.210 (if applicable)

26. Effect of Refusal of Witness to Answer Question, Criminal Jury Instructions for the District of Columbia § 2.211 (if applicable)

27. Invocation of Fifth Amendment Privilege Against Self-Incrimination, Criminal Jury Instructions for the District of Columbia § 2.212 (if applicable)

28. Character of the Defendant, Criminal Jury Instructions for the District of Columbia § 2.213 (if applicable)

29. Cross-Examination of Character Witness, Criminal Jury Instructions for the District of Columbia § 2.214 (if applicable)

30. Evaluation of Prior Inconsistent Statement, Criminal Jury Instructions for the District of Columbia § 2.216 (if applicable)

31. Evaluation of Prior Consistent Statement, Criminal Jury Instructions for the District of Columbia § 2.217 (if applicable)

32. Nature of Charges Not to be Considered, Criminal Jury Instructions for the District of Columbia § 2.110

33. Motive, Criminal Jury Instructions for the District of Columbia § 2.307

34. Transcripts of Tape Recordings, Criminal Jury Instruction for the District of Columbia § 2.310

**PART TWO**

35. Unanimity – General, Criminal Jury Instructions for the District of Columbia § 2.405

36. Verdict Form Explanation, Criminal Jury Instructions for the District of Columbia § 2.407

37. Multiple Counts—One Defendant, Criminal Jury Instructions for the District of Columbia § 2.402

38. Redacted Exhibits, Criminal Jury Instructions for the District of Columbia § 2.500 (if applicable)

39. Exhibits During Deliberations, Criminal Jury Instructions for the District of Columbia § 2.501

40. Selection of Foreperson, Criminal Jury Instructions for the District of Columbia § 2.502

41. Possible Punishment Not Relevant, Criminal Jury Instructions for the District of Columbia § 2.505

42. Cautionary Instruction on Publicity, Communication, and Research, Criminal Jury Instructions for the District of Columbia § 2.508

43. Communication Between Court and Jury During Jury's Deliberations, Criminal Jury Instructions for the District of Columbia § 2.509

44. Attitude and Conduct of Jurors in Deliberations, Criminal Jury Instructions for the District of Columbia § 2.510

45. Excusing Alternate Jurors, Criminal Jury Instructions for the District of Columbia § 2.511

46. "On or About," Criminal Jury Instructions for the District of Columbia § 3.103

47. Proof of State of Mind, Criminal Jury Instructions for the District of Columbia § 3.101

48. Obstruction of Justice, D.C. Code § 22-722, Criminal Jury Instructions for the District of Columbia § 6.101(F)

49. **False Statement, 18 U.S.C. § 1001(a)(2)**

## FALSE STATEMENT [2]

## GOVERNMENT'S PROPOSED INSTRUCTION[3]

## ELEMENTS

Counts Two, Three, and Four of the Indictment charges the Defendant with the offense of false statement. It is a crime for anyone to make a false statement in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government. Here it is alleged that the Defendant committed this offense when he represented to law enforcement officers that (1) his relationship with Tarrio "was more, you know, one-sided with just him telling me, you know what their plans where," when the Defendant knew that since at least July 2020, he had regularly provided Tarrio with confidential information about law enforcement activity; (2) that he had tried to find out information from Tarrio about Tarrio's involvement in the December 12, 2020, destruction of the BLM Banner "without tipping him off to the MPD investigation," when the Defendant knew that he had provided regular updates and information to Tarrio about the BLM Banner Burning Investigation; and (3) that the Defendant "didn't, you know, inform him that [Tarrio] had an arrest warrant" for Tarrio's participation in the December 12, 2020, destruction of the BLM Banner, when, in fact, as the Defendant knew, the Defendant had informed Tarrio that an arrest warrant had been issued for Tarrio.[4]

---

[2] The parties noted their objections by underlining the text they oppose and providing the basis of the objection in a footnote.

[3] 2A Fed. Jury Prac. & Instr. § 40:07 (6th ed.); *United States v. Moore*, 612 F.3d 698, 700 (D.C. Cir. 2010) ("To prove [defendant] made a statement in violation of 18 U.S.C. § 1001(a)(2), the Government must show he (1) 'knowingly and willfully' (2) '[made] any materially false, fictitious, or fraudulent statement or representation' (3) in a 'matter within the jurisdiction of the executive… branch of the Government of the United States.'").

[4] Defendant objects to this part of the instruction as misleading because the "context" as the government later describes it in its objections is also missing here. For example, the question asked of Mr. Lamond with respect to Count Two was nothing about what "his relationship with Mr.

The elements of false statement are[5]:

*First*, the Defendant knowingly made at least one materially false, fictitious, or fraudulent statement or representation;

*Second*, in so doing, the Defendant acted willfully, knowing the statement was false;

*Third*, that the materially false, fictitious, and fraudulent statement was made in a matter within the jurisdiction of the executive branch of the Government of the United States.

A false statement is made "knowingly" if the Defendant knew that it was false. A statement is "material" if it has a natural tendency to influence or is capable of influencing the decision of the decision-maker to whom it was addressed.[6] A statement is "false" if it was untrue when made.

---

Tarrio was like." The question was very clear, in what it asked and it speaks for itself. The government does not get to opine on what a clear question and answer means. The same is true of the statements with respect to the other counts for false statements.

[5] Defendant objects to this part of the instruction because it does not describe the government's burden in proving each of the elements for each of the counts, as described in the Modern Federal Jury Instructions for False Statements and in a case the government recently agreed to joint proposed instructions with similar language. *See generally* 2 Modern Federal Jury Instructions Criminal P § 36 (2023); *see also* Jointly Proposed Final Jury Instructions, *United States of America v. David T. Johnson*, No: 16-139(KBJ), 2017 WL 1362532 (Jury Instruction) (D.D.C. 2017).

[6] *United States v. Stadd*, 636 F.3d 630, 638 (D.C. Cir. 2011) (rejecting argument that statement must "influence a determination required to be made.").

The government does not need to prove that the Defendant had a purpose to mislead the federal agency,[7] or that the agency was, in fact, deceived or misled.[8] It is not relevant whether the statement influenced the actions of the agency.[9]

The Federal Bureau of Investigation is part of the executive branch of the Government of the United States.

**DEFENDANT'S PROPOSED INSTRUCTION**

**ELEMENTS[10]**

Counts Two, Three, and Four of the Indictment charge the Defendant with the offense of false statement. It is a crime for anyone with a corrupt purpose[11] to knowingly make a materially false statement in any matter within the jurisdiction of the executive, legislative, or judicial branch of the government. Here, it is alleged that the Defendant committed this offense when he stated to law enforcement officers (1) "was more, you know, one-sided with just telling him, you know what their plans were" for Count Two; (2) "without tipping him off to the MPD investigation" for Count Three; and (3) "didn't, you know, inform him that [Tarrio] had an arrest warrant" for Count

---

[7] The government is not required to prove that the Defendant had a purpose to mislead a federal agency. *United States v. Yermian*, 468 U.S. 63, 68–75 (1984).

[8] *Moore*, 612 F.3d at 701 ("a statement need not actually influence an agency in order to be material"); *United States v. Verrusio*, 762 F.3d 1, 20 (D.C. Cir. 2014).

[9] *Moore*, 612 F.3d at 702 ("proof of actual reliance on the statement is not required").

[10] Adapted from 2 Modern Federal Jury Instructions Criminal P § 36.01, *et seq.* (2023); *see also* Jointly Proposed Final Jury Instructions, *United States of America v. David T. Johnson*, No: 16-139(KBJ), 2017 WL 1362532 (Jury Instruction) (D.D.C. 2017).

[11] The Government objects to the inclusion of "with a corrupt purpose" as there is no legal support for its inclusion.

Four.[12] For you to find the defendant guilty of the crimes charged in Counts Two, Three, and Four, you must unanimously find that, for each Count, the government has proved each and every one of the following elements beyond a reasonable doubt:[13]

*First*, the Defendant knowingly made the charged statement, and it was materially false, fictitious, or fraudulent statement or representation;

*Second*, that in making the materially false, fictitious, and fraudulent statement[14], the Defendant acted willfully, knowing the statement was false;

*Third*, that the materially false, fictitious, and fraudulent statement was made in a matter within the jurisdiction of the executive branch of the Government of the United States.

A false statement is made "knowingly" if the Defendant knew that it was false. A statement is "material" if it has a natural tendency to influence or is capable of influencing the decision of the decision-maker to whom it was addressed.[15] A statement is "false" if it was untrue when made and was known to be untrue when it was made.[16]

---

[12] The Government objects to the deletion of the context for each statement as charged in the Indictment.

[13] The Government objects because the language is superfluous and covered by other instructions.

[14] The Government objects because it is duplicative of the language included above.

[15] *United States v. Stadd*, 636 F.3d 630, 638 (D.C. Cir. 2011) (rejecting argument that statement must "influence a determination required to be made.").

[16] The Government objects because this statement is duplicative of the first sentence of the paragraph.

The government does not need to prove that the Defendant had a purpose to mislead the federal agency,[17] or that the agency was, in fact, deceived or misled.[18] It is not relevant whether the statement influenced the actions of the agency.[19]

The Federal Bureau of Investigation is part of the executive branch of the Government of the United States.

**PART THREE**

50. Defendant's Theory of the Case § 9.100

## IV. <u>WITNESS LISTS</u>

### A. Government's Witness List

1. Elizabeth Hadley, Special Agent, FBI
2. Sean Ricardi, Special Agent, U.S. Attorney's Office
3. Jennifer Kathryn "Kate" Cain, Digital Forensic Examiner, FBI
4. Gary Ciapa, Agent, Internal Affairs, Metropolitan Police Department
5. Anthony Greene, Lieutenant, Metropolitan Police Department
6. Nicole Copeland, Detective, Metropolitan Police Department
7. Franklyn Then, Detective, Metropolitan Police Department
8. Ashan Mufti, Detective, Metropolitan Police Department
9. Carolyn Scheriff, Director, Metropolitan Police Department
10. Leslie Parsons, Commander, Metropolitan Police Department
11. John Haines, Commander, Metropolitan Police Department

---

[17] The government is not required to prove that the Defendant had a purpose to mislead a federal agency. *United States v. Yermian*, 468 U.S. 63, 68–75 (1984).

[18] *Moore*, 612 F.3d at 701 ("a statement need not actually influence an agency in order to be material"); *United States v. Verrusio*, 762 F.3d 1, 20 (D.C. Cir. 2014).

[19] *Moore*, 612 F.3d at 702 ("proof of actual reliance on the statement is not required").

12. Jeffrey Carroll, Assistant Chief, Metropolitan Police Department
13. Jeremy Bertino
14. Nicholas Quested

**B. Defendant's Witness List[20]**

Defendant has no statutory obligation to reveal what witnesses he intends to call before trial given the government's burden. Defendant reserves his right to call a witness not listed below. However, preserving his rights and noting his objections, the following may be called as witnesses to testify at trial:

1. Frank "Ben" Tyler
2. Enrique Tarrio
3. Mark Veranelli
4. Chris Silva – Park Police
5. Jay Nasworthy – Secret Service
6. John Donohue – Capitol Police
7. Julie Farnham – Capitol Police
8. Jennifer Kathryn "Kate" Cain, Digital Forensic Examiner, FBI
9. Bryan Molnar, Special Agent in Charge, HHS-OIG
10. Henry "Enrique" Tarrio
11. Mark Veranelli
12. Chris Silva – Park Police
13. Jay Nasworthy – Secret Service

[20] It is the Government's position that Defendant's representation that his case will take two days and his notice of 50 defense witnesses is inconsistent. The Government requests that the Court order that: (1) both parties must provide 24-hour notification of the next day's witnesses; (2) that the Defendant be required to provide a prioritized witness list; and (3) that, with respect to certain witnesses, the Defendant be required to provide a proffer to the Court of the relevant testimony that the Defense seeks to elicit.

14. John Donohue – Capitol Police
15. Julie Farnham – Capitol Police
16. Nicole Miller, Special Agent, FBI
17. David Crane, Intelligence Analyst, FBI
18. Catherine Bowles, Task Force Officer, FBI
19. Paulina Murphy, Special Agent, FBI
20. Ryan Lamb, Special Agent Forensic Examiner, FBI
21. Jeremy Chedester, Task Force Officer, FBI
22. Jamie Stranahan, Special Agent, FBI
23. Diana Havlin, Performance and Data Analyst, Metropolitan Police Department
24. David Hong, Captain, Metropolitan Police Department
25. Geoffrey Guska, Special Agent, FBI
26. Jonathan Branch, Commander, Metropolitan Police Department
27. Paul Courtney, Major Crimes Superior Court Section, U.S. Attorney's Office
28. Carolyn Montagna, Director, Metropolitan Police Department
29. Michael Reese, Investigator Violence Reduction Unit, Metropolitan Police Department
30. Brian Carney, Lieutenant Commander, Anne Arundel County Police Department
31. Nicholas Tomasula, Investigator, Metropolitan Police Department
32. Kathryn Camiliere, Special Agent, FBI
33. Daniel Godin, Commander of the Youth and Family Services, Metropolitan Police Department
34. Sean Gallagher, Acting Assistant Chief of Police for Uniformed Operations, Capitol Police
35. Martin Moraitis, Former FBI Miami TFO
36. Robert Joseph Hooker, Special Agent, FBI

37. Hunter Locke, Special Agent, FBI
38. Charlie Cox, Special Agent, TSA
39. David Carter, Detective, Metropolitan Police Department
40. Robert Pond
41. Dave Engel
42. Kevin Riley
43. Robert Glover
44. Han Kim, Metropolitan Police Department
45. Peter Herman
46. Oliver Garvey
47. Alisa Brown
48. Daren DeMarco
49. Paul Courtney
50. Julianne Johnston
51. Any witness listed by the government called in its case in chief or listed on its witness list
52. Any witness necessary for impeachment purposes or to rebut evidence presented by the government.

## IV. EXHIBIT LISTS

The Government's Exhibit List is attached as Exhibit 1, and includes the Defendant's objections. The Government respectfully reserves the right to add exhibits – using materials that have been produced previously during discovery – depending on other matters that may arise, such as cross-examination of a witness and evidence presented during trial. The Government also respectfully reserves the right to prepare a limited number of demonstrative exhibits to aid witness testimony, based solely on the information that has already been provided through discovery. In

the event a party prepares a demonstrative exhibit, it will share it expeditiously with the Court and parties and update its exhibit list accordingly. Finally, the Government also respectfully reserves the right to review and potentially object to forthcoming exhibit lists.

It is Defendant's position that he has no statutory obligation to reveal what exhibits he intends to use before trial given the government's burden. Defendant reserves his right to use an exhibit not identified for purposes of impeachment or in his case in chief.

It is the Government's position that Defendant's failure to provide an exhibit list is a violation of the Court's pretrial order.

## V. PROPOSED VERDICT FORM

The Government's proposed verdict form is attached as Exhibit 2 and the Defendant's proposed verdict form is attached as Exhibit 3.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

*/s/ Joshua S. Rothstein*
Joshua S. Rothstein
N.Y. Bar Number 4453759
Rebecca G. Ross
N.Y. Bar Number 5590666
Assistant United States Attorneys
601 D Street, N.W.
Washington, D.C. 20539
Office: 202-252-7164 (JSR), 202-252-6937 (RR)
Joshua.Rothstein@usdoj.gov
Rebecca.Ross2@usdoj.gov

VENABLE LLP

*/s/ Mark E. Schamel*
Mark E. Schamel
Bar No. 463965
600 Massachusetts Avenue, NW

Washington, DC 20001
Ph: 202-344-4631
MESchamel@Venable.com

| Exhibit | Description | Bates Range | Def.'s Objection[1] |
|---|---|---|---|
| **SERIES 1000** | | | |
| 1001 | Lamond Secret Chat Forensic Report | USAO-DC-00424084-00424087 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 1002 | Tarrio Secret Chat Forensic Report | USAO-DC-00424026-00424029 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 1003 | Tarrio Phone Forensic Report_Timeline | USAO-DC 00424101-00424134 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 1004 | Lamond Phone Forensic Report_Timeline | USAO-DC-00424089-00424124 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 1005 | Email from P. Courtney to A. Mufti, Subject : Review Warrant (12/28/20) | USAO-DC-00405187-00405190 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 1006 | Manicini Report 1B2 Part One Final | USAO-DC-00424125-00424127 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 1006A | 12.20.2020 Email from Shane Lamond to Commander Parsons FW: Subject in Photo | USAO-DC-00424128 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 1006B | 12.13.2020 Email from Shane Lamond to Kelly O'Meara re: BLM signs | USAO-DC-424129-00424130 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 1006C | 12.22.2020 email from Shane Lamond to Commander Parsons re: Podcast | USAO-DC-00424131-004242132 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 1006D | 12.20.2020 email from Shane Lamond to Franklyn Then re: Subject in Photo | USAO-DC-00424133-00424134 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 1007 | Mancini Report_1B2 Part 2_Final | USAO-DC-00424135-00424137 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 1007 | 1.2.2021 email from Shane Lamond to Charlie Cox, subject: Passenger Check | USAO-DC-00424138 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 1007B | 1.3.2021 email from Charlie Cox to Shane Lamond RE: | USAO-DC-00424139 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 1007C | 1.2.2021 email from Shane Lamond to Charlie Cox, subject: Subject Info | USAO-DC-00424140-00424141 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 1008 | Mancini Report 1B3 Emails Final | USAO-DC-00424142-00424144 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |

[1] Defendant Shane Lamond objects to the use of the exhibits to the extent there are objections at this time. However, Mr. Lamond respectfully reserves the right to object during the course of trial to the use of any exhibit based on how the government intends to use the exhibit and how the exhibit is introduced into evidence.

| | | | |
|---|---|---|---|
| 100A | 12.18.2020 email from Shane Lamond to David T. Hong, Re: BLM Banner | USAO-DC-00424145-00424146 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 1008B | 12.18.2020 email from Shane Lamond to Carolyn Montagna, Re: Phone Tip | USAO-DC-00424147-00424148 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 1008C | 12.21.2020 email from Shane Lamond to Commander Parsons, Re: Tarrio? | USAO-DC-00424149-00424151 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 1009 | 12.21.2020 email from Ahsan Mufti, FW: Review Warrant | USAO-DC-00424053-00424055 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 1010 | 12.28.2020 email from Julianne Johnston, RE: Review Warrant | USAO-DC-00424056-00424059 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 1011 | 12.28.2020 email from Paul Courtney, RE: Review Warrant | USAO-DC-00424060-00424063 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 1012 | 12.22.2020 email from Ahsan Mufti with subject: Resubmission # 1 | USAO-DC-00424064 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 1013 | 12.30.2020 email from Ashan Mufti, FW: 2020 CRWSLD 005553 Henry Tario | USAO-DC-00405217-00405218 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 1014 | 12.29.2020 email from Ahsan Mufti, RE: Resubmission | USAO-DC-00424067-00424069 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 1015 | 1.7.2021 email from Julie E. Farnam to Shane Lamond, subject: FBI's List | USAO-DC-00388472 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 1016 | Shane Lamond Interview | USAO-DC 013970 | |
| 1016A | Shane Lamond Interview Clip at 18:59 to 19:55 | USAO-DC 013970 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 1016B | Shane Lamond Interview Clip at 23:35 to 23:53 | USAO-DC 013970 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 1016C | Shane Lamond Interview Clip at 24:03 to 24:31 | USAO-DC 013970 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 1016D | Shane Lamond Interview Clip at 7:27 to 10:13 | USAO-DC 013970 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 1016E | Shane Lamond Interview Clip at 10:13 to 11:55 | USAO-DC 013970 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 1016F | Shane Lamond Interview Clip at 2:51 to 3:10 | USAO-DC 013970 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| **SERIES 2000: RECORDS** | | | |
| 2001 | American Airlines Flight Records | USAO-DC-00424084-00424085 | |

| | | | |
|---|---|---|---|
| 2002 | ATT Phone Toll Records for (202) 437-0434 | USAO-DC-00394591-00403109 | |
| 2003 | Sprint Phone Toll Records for (703) 863-9829 | USAO-DC-00424032-00424032 | |
| 2004 | Sprint Subscriber Records for (703) 863-9829 | USAO-DC-00394506-00394510 | |
| 2005 | Tarrio flight information from 01/04/2021 | USAO-DC-424086-424091 | |
| 2006 | Tmobile Records for (703) 863-9829 | USAO-DC-00394587 | |
| **SERIES 3000: MPD DOCUMENTS** | | | |
| 3001 | 120.23 - Serious Misconduct Investigations | USAO-DC-00423999-00424014 | Objection – irrelevant under Fed. R. Evid. 402; Objection – even if relevant, its probative value is substantially outweighed by unfair prejudice, confusing the issues, and misleading the jury under Fed. R. Evid. 403 |
| 3002 | 201.26 - Duties | USAO-DC-00423918-00423929 | Objection – irrelevant under Fed. R. Evid. 402; Objection – even if relevant, its probative value is substantially outweighed by unfair prejudice, confusing the issues, and misleading the jury under Fed. R. Evid. 403 |
| 3003 | 201.36 - Code of Ethics | USAO-DC-00423930-00423932 | Objection – irrelevant under Fed. R. Evid. 402; Objection – even if relevant, its probative value is substantially outweighed by unfair prejudice, confusing the issues, and misleading the jury under Fed. R. Evid. 403 |
| 3004 | 301.04 - Criminal Investigations | USAO-DC-00423933-00423948 | Objection – irrelevant under Fed. R. Evid. 402; Objection – even if relevant, its probative value is substantially outweighed by unfair prejudice, confusing the issues, and misleading the jury under Fed. R. Evid. 403 |
| 3005 | 601.02 Preservation of Discovery | USAO-DC-00423949-00423951 | Objection – irrelevant under Fed. R. Evid. 402; Objection – even if relevant, its probative value is substantially outweighed by unfair prejudice, confusing the issues, and misleading the jury under Fed. R. Evid. 403 |
| 3006 | 302.08 - MPD Expectation of Privacy | USAO-DC-00423952-00423963 | Objection – irrelevant under Fed. R. Evid. 402; Objection – even if relevant, its probative value is substantially outweighed by unfair prejudice, confusing the issues, and misleading the jury under Fed. R. Evid. 403 |
| 3007 | 304.12 - Sources | USAO-DC-00389095-00389114 | Objection – irrelevant under Fed. R. Evid. 402; Objection – even if relevant, its probative value is substantially outweighed by unfair prejudice, confusing the issues, and misleading the jury under Fed. R. Evid. 403 |

| | | | |
|---|---|---|---|
| 3008 | PD-127 - Confidential Fund Expenditure Sheet | USAO-DC-00421691 | Objection – irrelevant under Fed. R. Evid. 402; Objection – even if relevant, its probative value is substantially outweighed by unfair prejudice, confusing the issues, and misleading the jury under Fed. R. Evid. 403 |
| 3009 | PD-153 - Receipt for Expended Advanced MPDC Funds | USAO-DC-00421692 | Objection – irrelevant under Fed. R. Evid. 402; Objection – even if relevant, its probative value is substantially outweighed by unfair prejudice, confusing the issues, and misleading the jury under Fed. R. Evid. 403 |
| 3010 | PD-854 - Investigative File Report | USAO-DC-00421693 | Objection – irrelevant under Fed. R. Evid. 402; Objection – even if relevant, its probative value is substantially outweighed by unfair prejudice, confusing the issues, and misleading the jury under Fed. R. Evid. 403 |
| 3011 | Tarrio - Central Source Registry - MPD | USAO-DC-00421708 | Objection – government has not produced evidence to support a finding that the document is what they say it is under Fed. R. Evid. 901(a); Objection – irrelevant under Fed. R. Evid. 402; Objection – even if relevant, its probative value is substantially outweighed by unfair prejudice, confusing the issues, and misleading the jury under Fed. R. Evid. 403 |
| 3012 | Lamond - Central Source Registry - MPD | USAO-DC-00421707 | Objection – government has not produced evidence to support a finding that the document is what they say it is under Fed. R. Evid. 901(a); Objection – irrelevant under Fed. R. Evid. 402; Objection – even if relevant, its probative value is substantially outweighed by unfair prejudice, confusing the issues, and misleading the jury under Fed. R. Evid. 403 |
| **SERIES 4000: Miscellaneous** | | | |
| 4001 | 12/18/2020 Washington Post Article | USAO-DC-00424017-00424019 | Objection – government has not produced evidence to support a finding that the document is what they say it is under Fed. R. Evid. 901(a); Objection – hearsay under Fed. R. Evid. 802 |
| 4002 | Video January 5, 2021 | USAO-DC 013992 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 4003 | Timeline Final: Summary Chart of communications between 02/09/2020 and 01/07/2021 | USAO-DC-00424030-00424030 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 4004 | Parler Post by @NobleLead (12/18/2020) | USAO-DC-00424016-00424016 | Objection – government has not produced evidence to support a finding that the document is what they say it is under Fed. R. Evid. 901(a); Objection – hearsay under Fed. R. Evid. 802 |
| 4005 | Summary Chart 10/24/2019 – 6/22/2020 | USAO-DC-00424195-00424208 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 4006 | Timeline Final - Summary Chart of Communications 10.24.2019 - | USAO-DC-00424209-00424259 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |

| | | | |
|---|---|---|---|
| | 1.27.2021 | | |
| 4007 | Summary Chart 6/26/2020 – 7/8/2020 | USAO-DC-00424260-00424264 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 4008 | Summary Chart 10/4/2020 – 10/19/2020 | USAO-DC-00424265-00424275 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 4009 | Summary Chart 10/29/2020 | USAO-DC-00424276-00424279 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 4010 | Summary Chart 11/2/2020 | USAO-DC-00424280-00424281 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 4011 | Summary Chart 11/3/2020 – 11/5/2020 | USAO-DC-00424282-00424289 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 4012 | Summary Chart 11/7/2020 | USAO-DC-00424290-00424293 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 4013 | Summary Chart 11/8/2020 | USAO-DC-00424294-00424298 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 4014 | Summary Chart 11/9/2020 – 11/10/2020 | USAO-DC-00424299-00424303 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 4015 | Summary Chart 11/13/2020 | USAO-DC-00424304-00424306 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 4016 | Summary Chart 11/14/2020 – 11/16/2020 | USAO-DC-00424307-00424310 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 4017 | Summary Chart 12/7/2020 – 12/12/2020, 5:39PM | USAO-DC-00424311-00424320 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 4018 | Summary Chart 12/12/2020, 7:30PM – 12/20/2020 | USAO-DC-00424321-00424350 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 4019 | Summary Chart 12/21/2020 – 12/28/2020 | USAO-DC-00424351-00424355 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 4020 | Summary Chart 12/29/2020 – 12/30/2020, 2:39PM | USAO-DC-00424356-00424358 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 4021 | Summary Chart 12/30/2020, 5:56PM – 12/31/2020 | USAO-DC-00424359-00424363 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 4022 | Summary Chart 1/1/2021, 1:11PM | USAO-DC-00424364-00424365 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 4023 | Summary Chart 1/1/2021, 1:33PM – 1/2/2021 | USAO-DC-00424366- | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |

| | | | |
|---|---|---|---|
| | | 00424377 | |
| 4024 | Summary Chart 1/4/2021 | USAO-DC-00424378-00424381 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 4025 | Summary Chart 1/7/2021 – 1/27/2021 | USAO-DC-00424382-00424393 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 4026 | Summary Chart Shame Lamond's Contacts | USAO-DC-00424394-00424395 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 4027 | Summary Chart of Messages between Shane Lamond and Enrique Tarrio, Oct. 2019-Jan. 2021 | USAO-DC-00424396 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 4028 | Summary Chart of Messages between Shane Lamond and Enrique Tarrio, Nov. 7, 2020 to Jan. 27, 2021 | USAO-DC-00424397 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 4029 | Summary Chart Messages between Shane Lamond & Enrique Tarrio Before November 7, 2020 | USAO-DC-00424398 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 4030 | Summary Chart Messages between Shane Lamond & Enrique Tarrio November 7, 2020 - December 12, 2020 | USAO-DC-00424399 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 4031 | Summary Chart Messages between Shane Lamond & Enrique Tarrio After December 12, 2020 | USAO-DC-00424400 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 4032 | Summary Chart Messages between Shane Lamond & Enrique Tarrio October 2019 through January 2021 | USAO-DC-00424401 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| **SERIES 5000 IDENTIFICATION PURPOSES** | | | |
| 5001 | Dell Latitude 5424 Rugged laptop computer image report 1 (1B2) | USAO-DC-00421759-00422902 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 5002 | Dell Latitude 5424 Rugged laptop computer image report 2 (1B2_Part 2) | USAO-DC-00421720-00421758 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |
| 5003 | Dell Precision 3430 desktop computer, model D11S, image report (1B3) | USAO-DC-00422903-00423595 | Objection – incomplete under Fed. R. Evid. 106; Objection – hearsay under Fed. R. Evid. 802 |

| | | | |
|---|---|---|---|
| 5004 | Forensic Report_Tarrio | USAO-DC-000021-000023 | Objection as hearsay under Fed. R. Evid. 802[2] |
| 5005 | Forensic Report_Lamond | USAO-DC-00417119-00417121 | Objection as hearsay under Fed. R. Evid. 802 |
| 5006 | Shane Lamond Interview Transcript | USAO-DC-00424154-00424194 | |

[2] It is unclear if the government intends to bring these reports in through their noticed expert, Jennifer Kathryn Cain. To do so, the government bears the burden to establish that Ms. Cain has the credentials to be admitted as an expert and to the extent that the government is unable to do so in trial, Defendant Shane Lamond reserves his right to object to her testimony as well as any reports she authored.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA**

**v.**

**SHANE BRIAN LAMOND,**

**Defendant.**

**CRIMINAL NO. 23-cr-177-ABJ**

# VERDICT FORM

## Count 1

**I.** How do you find Defendant Shane Brian Lamond on the charge of Obstruction of Justice in Count 1 of the Indictment?

______ Not Guilty ______ Guilty

## Count 2

**II.** How do you find Defendant Shane Brian Lamond on the charge of False Statements in Count 2 of the Indictment?

______ Not Guilty ______ Guilty

## Count 3

**III.** How do you find Defendant Shane Brian Lamond on the charge of False Statements in Count 3 of the Indictment?

______ Not Guilty ______ Guilty

**Count 4**

**IV.** How do you find Defendant Shane Brian Lamond on the charge of False Statements in Count 4 of the Indictment?

______ Not Guilty ______ Guilty

____________________________ ____________________
Foreperson Signature Date

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**SHANE BRIAN LAMOND,**<br><br>**Defendant.** | **CRIMINAL NO. 23-cr-177-ABJ** |

# VERDICT FORM

## Count 1

**I.** Do you find that Defendant Shane Brian Lamond willfully and knowingly, did corruptly obstruct or impede or endeavor to obstruct or impede the due administration of justice in any official proceeding?

______ Not Guilty ______ Guilty

## Count 2

**II.** Do you find that Defendant Shane Brian Lamond knowingly and willfully made a materially false, fictitious, and fraudulent statement or representation in that he provided Enrique Tarrio with confidential information about law enforcement activity?

______ Not Guilty ______ Guilty

## Count 3

**III.** Do you find that Defendant Shane Brian Lamond knowingly and willfully made a materially false, fictitious, and fraudulent statement or representation in that he provided Enrique Tarrio with confidential information about law enforcement activity ?

______ Not Guilty ______ Guilty

**Count 4**

**IV.** Do you find that Defendant Shane Brian Lamond knowingly and willfully made a materially false, fictitious, and fraudulent statement or representation in that he provided Enrique Tarrio with confidential information about law enforcement activity banner?

______ Not Guilty ______ Guilty

____________________________ ____________________
Foreperson Signature Date

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Case No. 23-cr-00177 (ABJ) |
| v. | : | |
| | : | |
| SHANE LAMOND | : | |

NOTICE OF FILING

The parties request that the attached Waiver of Trial by Jury be made a part of the record in this case.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

By: _*/s/ Joshua S. Rothstein*
Joshua S. Rothstein
Assistant United States Attorney
N.Y. Bar No. 4453759
United States Attorney's Office
601 D Street, N.W.
Washington, DC 205390
Phone: (202) 252-7164
Joshua.Rothstein@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| **v.** | ) | **Criminal No.: 1:23-cr-00177-ABJ** |
| **SHANE LAMOND,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT SHANE LAMOND'S WAIVER OF TRIAL BY JURY**

I, Shane Lamond, the defendant in the above-entitled case, being fully advised of the nature of the charge against me and of my rights, waive trial by jury and request a trial by the court without a jury.

Dated: September 30, 2024

______________________________
Shane Lamond

Mark Schamel, attorney of record for Shane Lamond, defendant in the above-entitled case, prior to the signing of the above waiver, fully advised defendant of his rights under the Constitution and laws of the United States to a speedy and public trial by jury. In my opinion the above waiver is voluntarily and understandingly made.

Dated: October 28, 2024

______________________________
Mark Schamel
Attorney for Defendant

The United States consents to the above waiver of a trial by jury in this case.

Dated: November 5, 2024

Joshua S. Rothstein
Joshua Rothstein
Attorney for Government

Approved: _________, 2024

______________________________
The Honorable Amy Berman Jackson
United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>SHANE LAMOND,<br><br>Defendant. | Crim. Action No. 23-0177 (ABJ) |

## ELEMENTS OF THE OFFENSES

### COUNT ONE: OBSTRUCTION OF JUSTICE

Count One charges the defendant with obstruction of justice in violation of D.C. Code §22-722.

The elements of the offense of obstructing justice, each of which the government must prove beyond a reasonable doubt, are that:

1. On or about December 13, 2020, through on or about January 4, 2020, defendant Lamond corruptly obstructed or impeded, or endeavored to obstruct or impede, the due administration of justice in an official proceeding in Washington, DC, that is, the investigation or prosecution of a charge of destruction of property arising from the December 12, 2020 burning of a banner that read "#BLACK LIVES MATTER," conducted by an agency of the District of Columbia government, that is, the Metropolitan Police Department.

2. Defendant Lamond did so with the intent to undermine the integrity of the investigation or prosecution.

The term "corruptly" means that the defendant must use unlawful means or have a wrongful or an unlawful purpose, or both. The defendant must act with "consciousness of wrongdoing," which means with an understanding or awareness that what the person is doing is wrong or unlawful.

The government need not prove that the defendant successfully obstructed or impeded the due administration of justice.

**COUNTS TWO THROUGH FOUR: FALSE STATEMENT**

Counts Two, Three, and Four each charge the defendant with the offense of making a false statement in violation of 18 U.S.C. §1001(a)(2). It is a crime to knowingly and willfully make a materially false statement in a matter within the jurisdiction of the executive, legislative, or judicial branch of the government.

Specifically, Count Two alleges that the defendant committed this offense on June 2, 2021, when he stated in an interview conducted by federal law enforcement officers that his relationship with Enrique Tarrio "was more, you know, one-sided with just him telling me, you know, what their plans were."

Count Three alleges that the defendant committed this offense on June 2, 2021, when he stated in an interview conducted by federal law enforcement officers that he spoke to Tarrio "without tipping him off to the MPD investigation."

Count Four alleges that the defendant committed this offense on June 2, 2021, when he stated in an interview conducted by federal law enforcement officers that he "didn't, you know, inform [Tarrio] that [Tarrio] had an arrest warrant."

The elements of making a false statement, each of which the government must prove beyond a reasonable doubt to each count, are as follows:

1. That the defendant made a materially false statement or representation.

2. That in doing so, the defendant acted knowingly and willfully.

3. That the materially false statement or representation was made in a matter within the jurisdiction of the executive branch of the Government of the United States.

With respect to the first element, a statement is "false" if it was untrue when made, and known at the time to be untrue by the person making it.

A statement is "material" if it has a natural tendency to influence or is capable of influencing the decision of the decision maker to whom it was addressed.

With respect to the second element, an act is done knowingly if it is done purposely and voluntarily, as opposed to mistakenly or accidentally. A false statement was made "knowingly" if the defendant knew that it was false.

A person acted "willfully" if he acted with the knowledge that his conduct was unlawful.

Finally, with respect to the third element, you are instructed that the Office of the U.S. Attorney for the District of Columbia, within the U.S. Department of Justice, is a part of the executive branch of the Government of the United States.

The government does not need to prove that the defendant had a purpose to mislead the federal agency or that it was, in fact, deceived or misled. It is not relevant whether the statements actually influenced the actions of the agency.

**In connection with these elements, the Court will also be guided by the jointly proposed Standard Jury Instructions: Multiple Counts, §2.402; "On or About," §3.103; and Proof of State of Mind, §3.101, in addition to all of the standard proposed instructions concerning the burden of proof, reasonable doubt, the consideration of various types of evidence and witness testimony, etc. *See* Dkt. 41.**

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

District of Columbia

UNITED STATES OF AMERICA
v.
SHANE BRIAN LAMOND

## JUDGMENT IN A CRIMINAL CASE

Case Number: 23cr177-1 (ABJ)

USM Number: 60006-510

Mark E. Schamel
Defendant's Attorney

## THE DEFENDANT:

☐ pleaded guilty to count(s)

☐ pleaded nolo contendere to count(s) which was accepted by the court.

☑ was found guilty on count(s) One (1), Two (2), Three (3) and Four (4) of the Indictment filed on 5/18/2023 after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 22 DCC § 722 | Obstruction of Justice | 1/4/2021 | 1 |
| 18 USC § 1001(a)(2) | False Statements | 6/2/2021 | 2 - 4 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

6/6/2025
Date of Imposition of Judgment

[signature]
Signature of Judge

Amy B. Jackson, U.S. District Judge
Name and Title of Judge

6/10/25
Date

DEFENDANT: SHANE BRIAN LAMOND
CASE NUMBER: 23cr177-1 (ABJ)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

Eighteen (18) months of imprisonment on Count 1 and Six (6) months on each of Counts 2, 3 and 4, to run consecutive to each other but all concurrently with the sentence on Count 1.

☑ The court makes the following recommendations to the Bureau of Prisons:
Defendant to be incarcerated at FCI Cumberland or as close to his family as possible.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

- ☐ at ______ ☐ a.m. ☐ p.m. on ______ .
- ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

- ☐ before 2 p.m. on ______ .
- ☐ as notified by the United States Marshal.
- ☑ as notified by the Probation or Pretrial Services Office but not earlier than August 1, 2025.

## RETURN

I have executed this judgment as follows:

Defendant delivered on ______ to ______

at ______ , with a certified copy of this judgment.

______
UNITED STATES MARSHAL

By ______
DEPUTY UNITED STATES MARSHAL

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:
Eighteen (18) months on each of Counts 1 - 4, all terms to run concurrently.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: SHANE BRIAN LAMOND
CASE NUMBER: 23cr177-1 (ABJ)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature ______________________________ Date ______________

DEFENDANT: SHANE BRIAN LAMOND
CASE NUMBER: 23cr177-1 (ABJ)

## SPECIAL CONDITIONS OF SUPERVISION

DNA Sample Requirement - Pursuant to 42 USC § 14135a, for all felony offenses, you shall submit to the collection and use of DNA identification information while incarcerated in the Bureau of Prisons, or at the direction of the U.S. Probation Office.

Community service: Defendant must perform 200 hours of community service at the direction and under the supervision of the Probation Office, which must approve the type and location of the service in advance and verify that the hours have been completed.

DEFENDANT: SHANE BRIAN LAMOND
CASE NUMBER: 23cr177-1 (ABJ)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 400.00 | $ | $ | $ | $ |

☐ The determination of restitution is deferred until ________. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| TOTALS | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ ________

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: SHANE BRIAN LAMOND
CASE NUMBER: 23cr177-1 (ABJ)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☐ Lump sum payment of $ 400.00 due immediately, balance due

☐ not later than __________, or
☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☑ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☑ F below); or

C ☐ Payment in equal ______ *(e.g., weekly, monthly, quarterly)* installments of $ ______ over a period of ______ *(e.g., months or years)*, to commence ______ *(e.g., 30 or 60 days)* after the date of this judgment; or

D ☐ Payment in equal ______ *(e.g., weekly, monthly, quarterly)* installments of $ ______ over a period of ______ *(e.g., months or years)*, to commence ______ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within ______ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:
Count 1: $100 financial obligation is immediately payable to DC Superior Court, 500 Indiana Avenue, NW, Criminal Finance - Room 4003, Washington, DC 20001, for deposit into the Crime Victims Compensation Fund.

Counts 2-4: $300 financial obligation is immediately payable to the Clerk of the Court for the U.S. District Court, 333 Constitution Ave NW, Washington, DC 20001. Within 30 days of any change of address, you shall notify the Clerk of the Court of the change until such time as the financial obligation is paid in full.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

CO-290
Notice of Appeal Criminal Rev. 3/88

# United States District Court for the District of Columbia

UNITED STATES OF AMERICA )
)
vs. ) Criminal No. 23cr177-1 (ABJ)
)
SHANE BRIAN LAMOND )

## NOTICE OF APPEAL

Name and address of appellant: Shane Brian Lamond
328 Church Point Lane
Colonial Beach, VA 22443

Name and address of appellant's attorney: N/A

Offense: Count 1: 22 DCC § 722; Counts 2 - 4: 18 USC § 1001(a)(2)

Concise statement of judgment or order, giving date, and any sentence:

Sentenced 6/6/2025 to 18 months of incarceration on Count 1 & 6 months on each of Counts 2 - 4, to run consecutive to each other but all concurrently with the sentence on Count 1. Defendant was further sentenced to 18 months supervised release on each count to be served concurrently.

Name and institution where now confined, if not on bail:

I, the above named appellant, hereby appeal to the United States Court of Appeals for the District of Columbia Circuit from the above-stated judgment.

6/24/2025
DATE

APPELLANT

N/A
ATTORNEY FOR APPELLANT

GOVT. APPEAL, NO FEE ☐
CJA, NO FEE ☐
PAID USDC FEE ☐
PAID USCA FEE ☐

| | | |
|---|---|---|
| Does counsel wish to appear on appeal? | YES ☐ | NO ☑ |
| Has counsel ordered transcripts? | YES ☐ | NO ☑ |
| Is this appeal pursuant to the 1984 Sentencing Reform Act? | YES ☑ | NO ☐ |